Alabama,
1   90
d112 323

## BOZEMAN v. GILBERT.

1. An agreement to refer a controversy arising out of a covenant of warranty, is not a bar to an action on the covenant.

2. A *mere agreement* between the parties to a contract, that they will refer all matters in controversy between them, to the arbitrament of disinterested persons, cannot be enforced either in a Court of Law or a Court of Equity.

Writ of error to the County Court of Lowndes County.

COVENANT to recover damages for a breach of warranty in the sale of a jack-ass. No plea was pleaded, but the cause was tried by a jury as on an issue. The defendant gave in evidence, an instrument in writing, signed by himself and the plaintiff, which recited that the former had traded to the latter a jack-ass; and the purchaser having become dissatisfied, the parties agreed to leave the matter in dispute to a certain number of disinterested citizens of their county, if the plaintiff should return the animal in as good order as he was when received by him, to, or in the presence of, the arbitrators, by the last of May, 1838, or within a few days after that time. The written instrument contains also, a memorandum of some conversation held between the parties, with reference to the condition of the beast, which is not important to be here inserted. No arbitrators were shown to have been appointed; nor was any award produced. The plaintiff objected to the introduction of this evidence, if offered as a bar to the action; but the Court allowed the evidence to be read for that purpose.

There was no proof that the plaintiff had performed his stipulation to return the jack-ass to, or in presence of the arbitrators. On this state of evidence the plaintiff requested the Court to charge the jury, if they believed there was nothing but a mere agreement to have the matters in controversy decided by arbitration, and no arbitrators were appointed or award made, these

facts did not constitute a bar to the action, although the plaintiff had omitted to comply, or to act under the agreement. This was refused and the jury were instructed, that the instrument produced and read in evidence was obligatory, and was a bar to the plaintiff's right of action; that the law was with the defendant, and he might avail himself of the advantage if he thought proper to do so. This charge was excepted to by the plaintiff, who assigned it for error in this Court.

Cook, for the plaintiff in error.
No counsel, for the defendant.

PER CURIAM.—The County Court was mistaken when it considered the agreement to refer to arbitration, as a bar to the action.

A *mere agreement* to decide a controversy by arbitration cannot be enforced at law, or in equity, because no one can effectually waive his right to have his suits determined at the proper Courts provided by the laws of his country.

The usual course to enforce such stipulations formerly, was to enter into bond with sufficient penalty; but it may be doubted whether this mode would be effectual at the present day, for it is not easy to ascertain what injury can accrue to a party by the refusal of his adversary, to comply with such engagement.

However the remedy may be, the question now presented, was settled in the case of Stone v. Dennis, (3 Porter 231) and that decision is entirely satisfactory to the present Court.

For the error in the instructions given to the jury, the judgment of the County Court is reversed, and the cause remanded.