# Western Assurance Co. v. Hall & Brother.

*Action on a Fire Insurance Policy.*

1. *Contracts; mode for ascertainment of amount to be paid must be followed.*—Where parties, in their contract, designate a certain mode by which the amount to be paid under such contract is to be ascertained, the party who seeks to enforce the agreement must show that he has done everything on his part to effectuate the ascertainment by such mode; for he can not compel the payment of the amount claimed unless he shows the amount due by the kind of evidence required in the contract, or shows that by no fault of his, he has been unable to furnish such evidence.

2. *Conditions of insurance policy; arbitration clause must be observed.* Where a fire insurance policy provides that in the event of disagreement between the insured and insurer as to the amount of loss, the amount shall be settled by arbitration, and it is made a condition of the policy that no suit could be maintained without a compliance with such provision, such provision and condition are valid and bind-

[Western Assurance Co. v. Hall & Brother.]

ing; the stipulation, not ousting the jurisdiction of the courts, but leaving the general question of liability to be judicially determined, and simply providing a reasonable method of ascertaining the amount of the loss. (Distinguished from principle announced in *Bozeman v. Gilbert*, 1 Ala. 90; *Meaher v. Cox*, 37 Ala. 201; and *Wright v. Evans*, 53 Ala. 108.)

3. *Same; same; failure to comply bars right of action.*—Under a policy containing such a condition, upon a loss occurring and a disagreement as to the amount thereof arising, if the insured refuses to submit the question of the amount of the loss to arbitration upon the demand of the insurer, his right of action is barred, and he can not maintain a suit upon the policy.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. HENRY C. SPEAKE.

This was an action counting upon a policy of fire insurance, and was brought by the appellees, Hall & Brother, against the appellant. The defendant pleaded the general issue, and also the following special plea: "For further answer to said complaint the defendant says, that in and by said policy it is provided and stipulated in substance, and made a condition thereof that any loss or damage under said policy shall be ascertained or estimated by the insured and said company, or, if they differ, then by appraisers as thereinafter provided; and the amount of loss or damage having been thus determined, the sum for which said company shall be liable pursuant to said policy shall be payable sixty days after due notice, ascertainment, estimate and satisfactory proof of loss shall have been received by said company, in accordance with the terms of said policy. That it shall be optional with said company to take all or any part of the articles at such ascertained or appraised value, and also to replace the property lost or damaged, with other of like kind and quality, within a reasonable time on the terms therein stated; and the provision for the ascertainment and estimate of said loss thereinafter in said policy contained, is in the following words, towit: 'In the event of disagreement as to the amount of loss, the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss, stating separately sound

[Western Assurance Co. v. Hall & Brother.]

value and damage, and failing to agree, shall submit their differences to the umpire ; and the award in writing of any two shall determine the amount of such loss ; the parties thereto shall pay the appraisers respectively selected by them, and shall bear equally the expenses of the appraisal and umpire.'

"And the defendant says that differences having arisen between the insured and this defendant as to the amount of loss or damage sustained by said plaintiffs, under said policy, and being unable to agree upon the amount of said loss or damage, this defendant requested and demanded that the amount of said loss or damage, should be ascertained and estimated by appraisers selected in accordance with the provisions and stipulations of said policy. And the defendant further says, that the plaintiffs, wholly disregarding the terms, stipulations and conditions of said policy in that respect, neglected and refused to have the amount of said loss or damage ascertained or estimated by appraisers chosen in accordance with the terms and conditions of said policy. And the defendant says by reason of the failure and refusal of said plaintiffs to have the amount of said loss or damage ascertained or estimated as aforesaid, the said plaintiffs are not entitled to recover in this action, nor to have and maintain this action against this defendant." The other special pleas interposed by the defendant set up substantially the same defenses in different phases. To each of the pleas the plaintiff demurred upon the following grounds :

"2. The stipulation in said policy of insurance as set forth in said plea, for the arbitration of any differences that might arise between the insurer and insured, does not constitute a bar to this action in this case, and is no answer to plaintiff's complaint.

"3. The provision in said policy of insurance, as set forth in said plea, for the arbitration of the differences between the insurer and the insured, does not destroy the jurisdiction of a court of competent jurisdiction to enforce the payment of the loss under said policy.

"4. The stipulation and provision contained in said policy of insurance as set forth in said plea, for the ascertainment, estimate and satisfactory proof of loss, by arbitration, in case of differences between the insurer and the insured, does not oust the jurisdiction of this court,

and destroy the power to hear and determine the amount of such loss under said policy of insurance." The court sustained each of the demurrers to each of the defendants' pleas, and the defendant declining to plead over, judgment was rendered for the plaintiff. The defendant appeals, and assigns as error the rulings of the trial court in sustaining the demurrers.

ALEX T. LONDON, JOHN LONDON and R. W. WALKER, for appellant.—While parties can not, by an agreement to refer the whole controversy to arbitration, oust the jurisdiction of the courts, they may lawfully contract that the certificate of a third person or persons, or the award of arbitrators, as to the quantity, quality, or value of services performed, materials furnished, or loss or damage sustained, shall be a condition precedent to a right of action; and such stipulation is binding.—*United States v. Robeson*, 9 Pet. 319; *Kihlberg v. U. S.*, 97 U. S. 398; *Martinsburg &c. R. R. Co. v. March*, 114 U. S. 549. "When parties fix on an umpire, and agree to abide his decision, neither of them, without the consent of the other, can withdraw the question of performance from the common arbiter for the purpose of referring it to the decision of a jury."—*O'Reilly v. Kerns*, 52 Pa. St. 214; *St. Paul & N. P. R. Co. v. Bradbury*, 44 N. W. Rep. 1; *Langdon v. Northfield*, 44 N. W. Rep. 984; *Kirtland v. Moore*, 40 N. J. Eq. 106; *Hot Springs R. R. Co. v. Mayher*, 3 S. W. Rep. 639; *Hudson v. McCartney*, 33 Wis. 331; *Holmes v. Richet*, 56 Cal. 307; *Chicago &c. R. R. Co. v. Price*, 143 U. S. 185; *President &c. v. Penn Coal Co.*, 50 N. Y. 250; *Butler v. Tucker*, 24 Wend. 447.

The principle decided by these cases is accepted by all of the text writers.—2 Parsons on Contracts, (8th ed.), star pages 527, 709; 2 Chitty on Contracts, (11th Amer. ed.), 1087; 1 Addison on Contracts, (8th ed.), 576; 3 Addison on Contracts, (8th ed.), 792; 1 Amer. & Eng. Encyc. of Law, 668, 669, 670; Morse on Arbitration & Award, (1st ed.), 93, 94.

We can conceive no reason why these principles should not be applicable to policies of insurance; and laborious investigation discloses that they have been so applied with scarcely an exception. The agreement constituting the condition set up in the pleas merely provides for the settlement of the amount of the loss by arbitration, and

the opinion of the court concedes that in one or more of
the pleas the arbitration clause is sufficiently pleaded as
a condition precedent to the suit.    Plaintiff and defend-
ant deliberately agreed to this method of ascertaining
the damages.    It was an expeditious, inexpensive and
proper method, if not a better one than is afforded by
suit.    It was certainly as advantageous to one as to the
other.    They deliberately provided a penalty for failure
to comply with this obligation.    If plaintiff refused
compliance, then he could not bring suit. If defendant
refused compliance, then suit could be brought against it
immediately. The agreement is reasonable and legal. It is
sustained by the clear weight of authority.—*Hamilton v.
Liverpool ·etc. Ins. Co.*, 136 U. S. 242; *Carroll v. Girard
Fire Ins. Co.*, 72 Cal. 297; *Hall v. Ins. Company*, 57
Conn., 105; *Conn. ˋIns. Company v. Hamilton*, 59 Fed.
Rep. 258; *Campbell v. American Pop. Life Ins. Co.*, 29
Amer. Rep. 591; *Carrol v. Ins. Co.*, 13 Pac. Rep. 863;
*Old Land Co. v. Com. Union Ins. Co.*, 66 Cal. 253; *Ins.
Co. v. Creighton*, 51 Ga. 95; *Wolff v. Liverpool Ins. Co.*,
50 N. J. L. 453; *Gauche v. Ins. Co.*, 4 Woods, 102;
*Chippewa Lumber Co. v. Phenix Ins. Company*, 80 Mich.
116; *Pioneer Mfg. Co. v. Phenix Ins. Co.*, 106 N. C. 28;
10 S. E. Rep. 1056; *Gasser v. Sun Fire Office*, 42 Minn.
315; 44 ˑN. W. Rep. 252; *Hanover Insurance Company v.
Lewis*, 28 Fla. 209; *Mosness v. German American Ins. Co.*,
52 N. W. Rep., (Minn.) 932; *Elliott v. Royal Exchange
Ins. Co.*, L. R. 2 Exch. 237; *Viney v. Bignold*, 20 Q. B.
Div. 172.    And to the same effect are the following
authors:  2 Biddle on Insurance, § 1154; May on Insur-
ance, § 495; Wood on Insurance, p. 757.

LAWRENCE COOPER, *contra*.—The ruling of the court,
sustaining the demurrer was free from error.—*Wright v.
Evans*, 53 Ala. 103; *Bozeman v. Gilbert*, 1 Ala. 90; *The
Excelsior*, 123 U. S. 40; *Crossley v. Connecticut F. Ins.
Co.*, 27 Fed. Rep. 30; *Perkins v. Electric Co.*, 16 Fed.
Rep. 513; *Mentz v. Armenia &c. Co.*, 21 Amer. Rep. 80;
*Kinney v. B. & O. Asso.*, 15 L. R. A. 152; *Ins. Co. v.
Morse*, 20 Wall. 445; *Braddy v. N. Y. Bowery Co.*, 20
S. E. Rep. 477; *Winter v. Montgomery*, 79 Ala. 489;
Wood's Insurance, § 456.

[Western Assurance Co. v. Hall & Brother.]

COLEMAN, J.—The action is upon a policy contract of fire insurance, and the complaint is framed after the statutory form. The court sustained the plaintiff's demurrer to the pleas of the defendant, and the defendant declining to plead further, judgment was rendered for the plaintiffs. The appeal is from the ruling of the court, sustaining the demurrer to the pleas. The question raised by the pleas is the legal effect of the "arbitration clause" contained in the policy. According to the averments of one or more of the pleas, the policy provided that in the event of disagreement as to the amount of loss, the amount should be settled by arbitration, and that it was provided and stipulated in the policy, in substance, and made a condition thereof, that no suit or action on said policy should be maintained without a compliance with the conditions, &c. How the arbitrators were to be selected, and the loss ascertained are sufficiently stated in the plea. It would have been better pleading to have set out that part of the arbitration stipulation which provided that no suit should be maintained without a compliance with the condition, than to have made the averment the conclusion of the pleader.

The demurrer to the pleas raise the one question, whether the plaintiff's refusal to submit the question of the amount of the loss to arbitration upon the demand of the defendant, the parties having disagreed, bars the plaintiff's action. Does the arbitration provision oust courts of jurisdiction, and will such an agreement be upheld?

There are some decisions of this court which in principle go far to sustain the ruling of the primary court, and upon these authorities our first conclusion was that the court ruled rightly, in sustaining the demurrer to the plea. Upon further consideration of the question and examination of the authorities, we are convinced that the weight of authority and the better argument are adverse to our first conclusion, and that the demurrer to the plea should have been overruled. The Alabama cases principally relied upon are *Bozeman v. Gilbert*, 1 Ala. 90, *Meaher v. Cox*, 37 Ala. 201, and *Wright v. Evans*, 53 Ala. 108. The principle declared in these cases is, that when the agreement to arbitrate includes the whole subject matter of difference, so that the right of the

party to resort to the courts of his country for the determination of his suit or claim is absolutely and effectually waived, such an agreement is against public policy and void. We adhere to that conclusion. The courts clearly distinguish between an agreement which refers to arbitration the extent or amount of damages to be recovered, but leaves the parties free to have the right to recover or liability of the other party determined by the courts, and those agreements which refer to arbitration the authority to determine the right of the one to recover, or the liability of the other. The former are upheld and enforced, while the latter are declared to be against public policy and not binding. The policy of the legislature of this State is to encourage the settlement of legal controversies by arbitration as far as can be done without contravening some principle of public policy. *Tankersley v. Richardson*, 2 Stew. 130 ; *Tuscaloosa Co. v. Jemison*, 33 Ala. 476 ; Code of 1886, §§ 3221, 3222. The arbitration clause under consideration, came before the court in the case of *Hamilton v. Liverpool Ins. Co.*, 136 U. S. 242, and it was there upheld in the following language : "Such a stipulation, not ousting the jurisdiction of the courts, but leaving the general question of liability to be judicially determined, and simply providing a reasonable method of estimating and ascertaining the amount of the loss, is unquestionably valid, according to the uniform current of authority in England and in this country.—*Scott v. Avery*, 5 H. L. Cas. 811 ; *Vincy v. Bignold*, 20 Q. B. D. 172 ; *Delaware & Hudson Canal v. Pennsylvania Coal Co.*, 50 N. Y. 250 ; *Reed v. Washington Ins. Co.*, 138 Mass. 572, 576 ; *Wolff v. Liverpool & London & Globe Ins. Co.*, 50 N. J. L. 453 ; *Hall v. Norwalk Ins. Co.*, 57 Conn. 105, 114. The case comes within the general rule long ago laid down by this court : 'Where the parties, in their contract, fix on a certain mode by which the amount to be paid shall be ascertained, as in the present case, the party that seeks an enforcement of the agreement must show that he has done everything on his part which could be done to carry it into effect. He can not compel the payment of the amount claimed, unless he shall procure the kind of evidence required by the contract, or show that by time or accident he is unable to do so.'—*United States v. Robeson*, 9 Pet. 319, 327. See

also *Martinsburg & Potomac Railroad v. March*, 114 U. S. 549."

As sustaining the principle, we cite the following authorities: *Carrol v. Fire Ins. Co.*, 72 Cal. 297; *Hall v. Ins. Co.*, 57 Conn. 105; *Campbell v. Amer. Ins. Co.*, 29 Am. Rep. 591; *Ins. Co. v. Creighton*, 51 Ga. 95; *Wolff v. Ins. Co.*, 50 N. J. L. 453; *Pioneer Co. v. Ins. Co.*, 106 N. C. 28; *Hanover Ins. Co. v. Lewis*, 28 Fla. 209; *May on Ins.*, § 495; *Chippewa Co. v. Ins. Co.*, 80 Mich. 116.

Former opinion withdrawn, rehearing granted, reversed and remanded.