(84 South. 763)

BLUMBERG SHOE CO. v. PHŒNIX ASSUR. CO., LIMITED, OF LONDON.
(6 Div. 832.)

(Supreme Court of Alabama.   Nov. 27, 1919. Rehearing Denied Dec. 24, 1919.)

1. STATUTES ⬅⬤➡212—IT IS PRESUMED THAT LEGISLATURE DOES NOT INTEND TO MAKE CONTRADICTORY ENACTMENT IN THE SAME ACT.

There is a strong presumption that the Legislature does not intend to contradict, in one paragraph of a legislative act, that which it has deliberately declared in another; and to an apparently or possibly contradictory paragraph will be imputed any rational meaning which will avoid its seeming contradiction of another paragraph whose meaning is clear and certain.

2. INSURANCE ⬅⬤➡621 — TIME FOR BRINGING SUIT UNDER STATUTE PENALIZING INSURER BELONGING TO TARIFF ASSOCIATION STATED.

Under Code 1907, § 4594, as amended by Gen. Acts 1911, p. 316, authorizing the collection of a penalty from insurance companies which are members of a tariff association, suit may be brought on a fire policy, both for its amount and the penalty, after 15 days from proof of loss, without more, although enforcement of the penalty may be postponed until 60 days after proof of loss.

Appeal from Circuit Court, Jefferson County; H. A. Sharpe, Judge.

Action by the Blumberg Shoe Company against the Phœnix Assurance Co., Limited, of London, on a fire insurance policy. Judg-

ment for defendant, and plaintiff appeals. Reversed, rendered, and remanded.

The action was to recover $2,000 on a fire insurance policy issued May 21, 1917, for loss by fire on a stock of goods. The complaint was originally in Code form, but was amended by adding thereto allegations that on April 3, 1917, or subsequent thereto, the defendant company was a member of or connected with a tariff association for the regulation of fire insurance rates, and that more than 15 days prior to the bringing of this action proof of loss under the terms of said policy had been filed with and was in the hands of a duly qualified agent of the defendant, and that plaintiff claims in addition to the actual damages the additional sum of 25 per cent. thereof.

The defendant filed two pleas in abatement. Plea 2, as amended, substantially shows the defense of both pleas, and is as follows:

(2) This cause should abate and be dismissed out of this honorable court, for that in the policy of insurance sued on in this cause it is covenanted and agreed that—

"This company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, and the loss or damage shall be ascertained or estimated according to such actual cash value, with proper deduction for depreciation, however caused, and shall in no event exceed what it would then cost the insured to repair or replace the same with material of like kind or quality; said ascertainment or estimate shall be made by the insured and this company, or, if they differ, by appraisers, as hereinafter provided; and, on the amount of loss or damage having been thus determined, the sum for which this company is liable pursuant to this contract shall be payable after due notice, ascertainment, estimate, and satisfactory proof of the loss have been received by this company in accordance with the terms of this policy.

"This company shall not be held to have waived any provision or condition of this policy or any forfeiture thereof by any requirement, act, or proceeding on its part relating to the appraisal or to any examination herein provided for; and the loss shall not become payable until after the notice, ascertainment, estimate, and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers when appraisal has been required. No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with the foregoing requirements, nor unless commenced within 12 months next after the fire."

This defendant further avers that the fire which caused the alleged loss occurred on, to wit, the 29th day of May, 1917; that the plaintiffs filed with defendant proofs dated on, to wit, the 4th day of June, 1917; that there was a disagreement between the plaintiffs and the defendant as to the amount of loss sustained by said plaintiffs, and thereupon the defendant, on, to wit, June 7, 1917, demanded of the plaintiffs an appraisal in accordance with the terms of the insurance policy herein sued on; and the defendant further avers that the plaintiffs, disregarding the provisions of the said contract hereinabove set out, filed this their suit on, to wit, the 28th day of June, 1917, before there had been an award by appraisers as provided for in the policy sued on.

Wherefore, this defendant says that said suit is prematurely brought, and that the same should abate and be dismissed out of this honorable court, and of these facts the defendant makes affidavit.

Demurrers to these pleas were overruled, and upon trial thereon there was verdict and judgment for defendant. The only assignments of error argued on appeal are those based upon the rulings of the trial court on the demurrers to the pleas in abatement.

Cabaniss & Bowie, of Birmingham, for appellant. The right to maintain an action accrues 15 days after proof of loss has been properly filed, where the insurer is a member of a tariff association, no matter what provision of the policy may apparently conflict with such right. Section 4594, Code 1907, as amended Acts 1911, 316; 142 Ala. 650, 39 South. 204; 158 Ala. 447, 48 South. 369; 161 Ala. 600, 50 South. 73, 135 Am. St. Rep. 160; 195 Ala. 161, 69 South. 956.

Coleman & Coleman, Spain & Fisk, of Birmingham, for appellee. It is not within the power of the Legislature to create a cause of action out of an existing transaction. 30 Ala. 120; 38 Ala. 513; 83 Ala. 443, 3 South. 759; 97 Ala. 569, 11 South. 841. For a proper interpretation of section 4594, Code 1907, as amended by Acts 1911, p. 316, see authorities cited by appellant and the following: 50 Fed. 479; 164 Ala. 537, 51 South. 159. Endlich, Interpretation of Statutes, §§ 195, 258–384.

On rehearing, appellee contends that the interpretation given to section 4594, as amended, renders it violative of the federal Constitution, and they cite 237 U. S. 597, 35 Sup. Ct. 715, 59 L. Ed. 1137, Ann. Cas. 1916D, 333; 189 U. S. 301, 23 Sup. Ct. 565, 47 L. Ed. 821; 224 U. S. 354, 32 Sup. Ct. 493, 56 L. Ed. 799, 42 L. R. A. (N. S.) 102.

SOMERVILLE, J. The single question presented by this appeal is whether plaintiff's action on the insurance policy is or is not prematurely brought.

Section 4594 of the Code of 1907 (codifying an act approved February 18, 1897 [Acts 1896–97, p. 1428]) reads as follows:

"4594 (2619). *Contract of insurance made by company belonging to tariff association construed to add twenty-five per cent. to face of policy.*—Every contract or policy of insurance made or issued since the eighteenth day of Feb-

ruary, 1897, shall be construed to mean that, in the event of loss or damage thereunder, the assured òr beneficiary thereunder may, in addition to the actual loss or damage suffered, recover twenty-five per cent. of the amount of such actual loss, any provision or stipulation in such contract or policy to the contrary notwithstanding, if at the time of the making of such contract or policy of insurance, or subsequently before the time of trial, the insurer belonged to, or was a member of, or in any way connected with, any tariff association or such like thing by whatever name called, or who had made any agreement or had any understanding with any other person, corporation, or association engaged in the business of insurance as agent or otherwise about any particular rate of premium which should be charged or fixed for any kind or class of insurance risk; and no stipulation or agreement in such contract or policy of insurance to arbitrate loss or damage nor to give notice or make proofs of loss or damage shall in any such case be binding on the assured or beneficiary, but the right of action accrues immediately upon loss or damage."

By an act approved April 7, 1911 (Gen. Acts 1911, p. 316), this section was amended (1) by substituting for the phrase "of such actual loss," in the fifth line, the phrase "proven to be due the assured under such policy or policies"; and (2) by eliminating the last proviso declaring certain stipulations in the policy not binding on the insured, and substituting for the last line, declaring that "the right of action accrues immediately upon loss or damage," the following provisions:

"And provided the right of action shall accrue fifteen days after the proof of loss had been filed with the home office of the insuring company, or in the hands of a duly qualified agent of the company. Provided always, however, that the penalty named herein shall not be enforced against any company which pays or offers to pay the assured or the beneficiary the full amount of the loss ascertained and proven to be due under the policy or policies, within sixty days after proof of loss."

Section 4595 of the Code of 1907 was also a part of the act of February 18, 1897, and provides that in actions on insurance policies, under the conditions dealt with in section 4594, the jury must, in addition to actual damages, "assess and add twenty-five per cent. of the amount of such actual loss, and judgment shall be rendered accordingly, whether claimed in the complaint or not." The act of April 7, 1911, amends this section also by limiting its application to "property located in the state of Alabama," and by requiring that the jury shall "assess and add twenty-five per cent. of the amount proven to be due the assured under such policy or policies and judgment shall be rendered accordingly whether claimed in complaint or not."

The title of the original act shows that it was intended "to effectively protect the people against combinations, conspiracies and agreement between insurers whereby rates of insurance are raised or fixed." It set out to accomplish this, purpose by adding a penalty of 25 per cent. to the amount otherwise payable under the policy, and by relieving the insured of every obligation imposed upon him by the terms of the policy after the occurrence of the loss, viz. by authorizing an action for damages immediately thereafter. Continental Ins. Co. v. Parkes, 142 Ala. 650, 39 South. 204.

The amendatory act of April 7, 1911, on the other hand, shifts the emphasis from the penalty to the compulsion of a speedy payment of the loss, by providing that the penalty should not be enforced against any offending company which paid or tendered the full amount due within 60 days after proof of loss.

We have given very full and deliberate consideration to the amendatory Act of April 7, 1911, in the light of the original act and its declared purpose, and with the assistance of very able analysis and discussion by counsel on both sides.

Giving to the first proviso the simple and ordinary import of the language used, we cannot escape the conviction that, assuming the existence of a valid and operative policy at the time of the loss, the Legislature intended to give to the assured his right of action upon the single condition expressed, viz. that he has filed proof of loss with the defendant company 15 days before the institution of his suit. The right of action is not conditioned upon the plaintiff's prior performance of any of the duties which, under the terms of the policy, are required of him after the occurrence of the loss, in order to perfect his right of action 60 days thereafter. No statute would be needed to give him a right of action in such a case, for he would have it by the terms of the policy itself. Nor is there anything in the language of the act which suggests that its postponement of the right of action (originally given) for 15 days was for the purpose of permitting or requiring an attempt within that period to ascertain and determine the amount of the loss by a conference of the parties, or contingently by arbitration. To so construe it would manifestly nullify the proviso. On the contrary, it seems perfectly clear that the postponement noted was intended merely to moderate the harshness of the original provision, by giving to the company information as to the loss and an opportunity to investigate and make payment before being subjected to suit.

The fact that the amendatory act omits the provision found in the original that stipulations for arbitration, notice, and proof of loss shall not be binding on the insured, cannot be regarded as significant, for the rea-

son that the provision was clearly surplusage in the original act, from which it might have been omitted without changing its sense or impairing its effect. Endlich on Inter. of Statutes, § 379.

As we read the argument of counsel for appellee, it is conceded that the only escape from our conclusions above stated is by interpreting the phrase "proof of loss" as including an ascertainment of the loss by agreement of the parties, or by arbitration when required, after which the right of action accrues in 15 days. Such an interpretation of that phrase would do violence to its plain and simple meaning.

"The object of the clause usually found in insurance policies, requiring the insured to furnish proofs of loss, is to give the company reasonable information as to the facts rendering it liable under the policy." 19 Cyc. 849.

That requirement has nothing to do with other provisions for ascertaining and determining the amount which the company must pay, by some method made binding upon the parties. The original act, which expressly nullified these several provisions, referred to "proof of loss" as separate and distinct from arbitration; and the policy of insurance exhibited in the record very clearly so treats it. The fact that a clause in the policy provides that "the loss shall not become payable until 60 days after notice, ascertainment, estimate, and satisfactory proof of the loss, herein required, have been received by this company, including an award by appraisers when appraisal has been required," can have no weight as showing a legislative purpose to date the 15 days named in the statute from the time when all of those preliminaries shall have been completed.

Having determined the meaning of the first proviso of the amendatory act, it is now necessary to determine also the meaning of the last proviso, as it must be construed in relation to the clear meaning of other parts of the act. The language is that—

"The penalty named herein [i. e., 25 per cent. of the amount proven to be due] shall not be enforced against any company which pays or offers to pay the assured or the beneficiary the full amount of the loss ascertained and proven to be due * * * within sixty days after proof of loss."

If this provision must be construed as appellee insists, the result would be a complete nullification of the preceding proviso, for the two could not possibly stand together. If the insured's right of action is by the last proviso postponed until 60 days after proof of loss in order to allow the company to pay the amount due, and thereby evade the penalty of 25 per cent. his right of action in 15 days after proof of loss is necessarily denied.

[1] There is a strong presumption that the Legislature does not intend to contradict in one paragraph of a legislative act that which it has deliberately declared in another. Hence the familiar rule of construction which imputes to an apparently or possibly contradictory paragraph any rational meaning which will avoid its seeming contradiction of another paragraph whose meaning is clear and certain. Harrington v. State, 200 Ala. 480, 76 South. 422.

[2] If, therefore, the last proviso can, without violence to its language, be given a meaning and effect in harmony with the first proviso, we must find and give to it such a meaning and effect. We think this can be done.

It is to be observed that the first proviso gives a right of action in 15 days both as to the amount due and the penalty. It is clear that the inhibition against the enforcement of the penalty within 60 days is not an inhibition against suit for the amount of the loss; but it is equally clear that it is a qualification of the right of the insured to have the penalty assessed as a part of his judgment until the lapse of 60 days after proof of loss, for the enforcement of the penalty thus inhibited must refer to the method of enforcement prescribed by the act itself, viz. by its assessment by the jury as a part of the judgment, based upon the amount proven to the jury to be due.

We do not overlook a practical inconvenience that may sometimes result from this construction of the act, in that, if the insured should press his claim to judgment within the 60 days, and the company should not pay the judgment and costs within that period, another suit would be necessary for the recovery of the penalty thereafter enforceable. No doubt such a procedure was not contemplated by the Legislature, but if it necessarily results from the language of the act its collateral inconvenience must be disregarded. Smith v. Stiles, 195 Ala. 107, 70 South. 905.

It results from the views above stated that the trial court erred in not sustaining the demurrers to the pleas in abatement, for which the judgment must be reversed and a judgment will be here rendered sustaining the demurrers, and the cause remanded for another trial.

Reversed, rendered, and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.