(85 South. 815)

**PHŒNIX ASSUR. CO., Ltd., v. BLUMBERG SHOE CO. (6 Div. 65.)**

(Supreme Court of Alabama. June 3, 1920. Rehearing Denied June 30, 1920.)

Insurance ⬤➡612(3)—Failure to submit to appraisal no defense in case of insurer's membership in tariff association.

While Code 1907, § 4594, as amended by Gen. Acts 1911, p. 316, as to policies by companies belonging to a tariff association, does not relieve the insured from the performance or keeping of conditions required by the policy to be kept or performed prior to loss, it does relieve him from any obligations imposed by the policy after the occurrence of the loss, and substitutes the single requirement that proof of loss be filed 15 days prior to suit; so that in such a case, where such proof of loss is filed, failure to submit to appraisal of loss is no defense.

Appeal from Circuit Court, Jefferson County; Horace C. Wilkinson, Judge.

Action by the Blumberg Shoe Company, against the Phœnix Assurance Company, Limited, on a fire insurance policy and for the penalty. Judgment for the plaintiff, and the defendant appeals. Affirmed.

See, also, 203 Ala. 551, 84 South. 763.

Suit on a fire insurance policy, brought by appellees against appellant to recover for the loss of a stock of goods. There was judgment for the plaintiffs. The original complaint was in code form, and was subsequently amended by additional averments to the effect that at the time of the issuance of the policy and subsequent thereto defendant was a member of and connected with a tariff association, to wit, the Southeastern Tariff Association, and had an agreement with other corporations or associations engaged in the insurance business about the particular rate to be charged for certain classes of insurance; and that more than 15 days prior to the bringing of this suit proof of loss had been filed with the duly authorized agent of the defendant, under the terms of the policy. In addition to the actual damages plaintiff claimed 25 per cent. on all said actual damages.

There were special pleas interposed, which are summarized by counsel as follows:

"(1) That there was a disagreement between the plaintiff and the defendant as to the amount of the loss and damage; that the defendant demanded that the loss be ascertained by appraisal; that the plaintiffs refused to hold an appraisal, and sold the damaged goods over the protest of the defendant; and that thereby there was a breach on the part of the plaintiffs to observe one of the conditions contained in the policy, which, by the terms thereof, was made a condition precedent to recovery under the policy.

---

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"(2) That by the plaintiffs refusing to agree to have the ascertainment of the loss fixed by appraisal, there was a breach of the contract sued on by the plaintiffs, which resulted in depriving the defendant of the exercise of a property right which it reserved in the contract sued on, in that it could not exercise the option reserved to it to take all or any part of the articles damaged, at the ascertained or appraised value.

"(3) That by the refusal of the plaintiffs to have the loss and damages ascertained and determined in the manner as provided for in the policy, and by the sale of the damaged goods, the plaintiffs breached their contract, and denied defendant the right reserved to it under the policy to replace the property damaged with other of like kind, within a reasonable time."

Plaintiffs' demurrer to these pleas was sustained, and these rulings constitute the only assignment of error on this appeal.

Coleman & Coleman & Spain & Fisk, of Birmingham, for appellant.

Where the contract fixes the mode by which the amount to be paid shall be ascertained, the party seeking to enforce it must show that he has done everything on his part which could be done to carry out the methods of the contract. 9 Pet. 319, 9 L. Ed. 142; 153 Cal. 81, 96 Pac. 88; 114 U. S. 549, 5 Sup. Ct. 1035, 29 L. Ed. 255; 154 Ill. 9, 39 N. E. 1102, 45 Am. St. Rep. 105; 141 Fed. 16, 72 C. C. A. 272; 77 N. E. 290; 136 U. S. 242, 10 Sup. Ct. 945, 34 L. Ed. 419; 112 Ala. 318, 20 South. 447; 75 Ohio St. 374, 79 N. E. 930, 15 L. R. A. (N. S.) 1055, 9 Ann. Cas. 79; 154 N. C. 205, 70 S. E. 290, 47 L. R. A. (N. S.) 337; 9 C. J. 851–853, and notes. Where the contract provides for an appraisal, the insured cannot recover if he refuses on demand to hold such an appraisal. 112 Ala. 318, 20 South. 447; 120 Ala. 547, 24 South. 936, 74 Am. St. Rep. 48; 202 Ala. 384, 80 South. 466; 136 U. S. 242, 10 Sup. Ct. 945, 34 L. Ed. 419; 137 U. S. 370, 11 Sup. Ct. 133, 34 L. Ed. 708; 28 Fla. 209, 10 South. 297; 158 Ind. 393, 63 N. E. 755; 152 Mich. 479, 116 N. W. 449. Counsel discuss the interpretation of the statutes, and in support of their insistence they cite the following authorities. 50 Fed. 479; 164 Ala. 537, 51 South. 159; 30 Ala. 120; 38 Ala. 513; 83 Ala. 443, 3 South. 759; 97 Ala. 569, 11 South. 841; 59 Ala. 510; 107 Ala. 644, 18 South. 266; 152 U. S. 436, 14 Sup. Ct. 638, 38 L. Ed. 505.

Cabaniss & Cabaniss, of Birmingham, for appellee.

Before the amendment of the statutes it was unnecessary to arbitrate loss or damage, or to demand certain proof to be made. Section 4594, Code 1907, as amended Acts 1911, p. 316; 142 Ala. 650, 39 South. 204. The statute is to be liberally construed. Section 4596, Code 1907. It was not intended by the amendment to change the former statute with reference to the matter of arbitration. 69 Ala. 322; 71 Ala. 609; 71 Ala. 427. The pleas as interposed, if pleadable at all, were pleadable in abatement and not in bar. 19 Cyc. 926; 10 Ala. App. 398, 64 South. 635; 101 Ga. 716, 29 S. E. 286; 189 Pa. 255, 42 Atl. 138, 69 Am. St. Rep. 810; 243 Pa. 557, 90 Atl. 354; 35 S. W. 382; 269 Mo. 1, 187 S. W. 856.

This cause was submitted under rule 46 (178 Ala. xix, 65 South. vii), and the opinion of the court delivered by

GARDNER, J. This is the second appeal in this cause. See Blumberg Shoe Co. v. Phœnix Assurance Co., Ltd., 203 Ala. 551, 84 South. 763, present term.

The defenses attempted to be set up in the special pleas in bar of recovery relate either to the question of appraisal or something dependent thereon. The same defense in substance was pleaded in abatement upon the former appeal, as will be noted by reference to amended plea 2, which appears in the statement of that case.

On the former appeal there was involved, as here, the construction of sections 4594, 4595 of the Code of 1907 as amended by Acts of 1911, p. 316.

That provisions in a fire insurance policy, similar to those here involved, requiring appraisal of the loss, have been held valid and binding is of course not questioned. Western Assurance Co. v. Hall Bros., 112 Ala. 318, 20 South. 447; Id., 120 Ala. 547, 24 South. 936, 74 Am. St. Rep. 48. But this court on former appeal referred to the fact that the act under consideration was passed for the protection of the people against combinations and conspiracies between insurers whereby rates of insurance are raised and fixed (Continental Ins. Co. v. Parkes, 142 Ala. 650, 39 South. 204), and the constitutionality of such a statute has been upheld as the legitimate exercise of the police powers of the state. So, therefore, the only question is the proper construction of this act. Speaking to this question, the court on the former appeal said:

"Giving to the first proviso the simple and ordinary import of the language used, we cannot escape the conviction that, assuming the existence of a valid and operative policy at the time of the loss, the Legislature intended to give to the assured his right of action upon the single condition expressed, viz. that he has filed proof of loss with the defendant company 15 days before the institution of his suit. The right of action is not conditioned upon the plaintiff's prior performance of any of the duties which, under the terms of the policy, are required of him after the occurrence of the loss, in order to perfect his right of action 60 days thereafter."

A very full and deliberate consideration was given to this act on the former appeal, and application for rehearing was denied.

The only pleas involved when the cause was previously before this court were the pleas in abatement, the substance of which are presented upon this appeal in the form of pleas in bar.

Presented either by plea in abatement or in bar, the only remaining question of merit relates to the proper construction of the amendatory act of April 7, 1911. But it is insisted by counsel for appellant that the former holding, to the effect that the plea in abatement was not well laid, is not decisive of this appeal, for the reason that the only question formerly presented was whether or not the suit had been prematurely brought because of failure to submit to appraisers, and that the court did not hold, as it was not called upon to hold, that the breach by the insured of the agreement to submit to appraisers, contained in the policy, did not bar recovery. In short, the argument is that, while under the holding of the court the plaintiffs had a right to bring the suit, it was not meant that they also had the right to maintain the suit. We think this is a distinction without any substantial foundation upon which to rest. We are of the opinion now, as we were when the cause was formerly here, that it was meant by the amended statute to give to the insured a right of action upon the single condition that he file proof of loss with the defendant company 15 days before the institution of the suit, and that by right of action this court meant the right also to maintain the action, so far as concerned any requirements of the policy subsequent to the loss. To give to the plaintiffs a right of action, and yet withhold from them the right to maintain the suit or the right to recover, would be but to give them a shadow and withhold the substance. Of course, it was not intended by the statute that plaintiffs be given a right of action where they had none before, and, in the language of the former opinion, "the existence of a valid and operative policy at the time of the loss" was assumed.

The argument of counsel for appellant, therefore, that the construction here given this act would authorize a recovery notwithstanding a breach on the part of the insured of the "iron-safe" clause of the policy, is not well made. Such a breach being established would deprive insured of a right of recovery, as he would not have at the time of the loss "a valid and operative policy," and to such situation the statute here in question would have no application. The statute was intended to relieve the insured of the obligations imposed upon them by the terms of the policy after the occurrence of the loss, except the requirement that they file proof of loss 15 days before the institution of suit.

We have again given careful consider-ation to the meaning of this amendatory act in the light of argument of counsel, so forcibly presented upon this appeal, but we are satisfied with the conclusions as stated upon the former appeal, and are fully persuaded that the matters set up in the pleas are insufficient either in abatement or in bar of this suit; and that the court below properly ruled in sustaining the demurrer thereto.

A review of the authorities and a further discussion of the question would serve no useful purpose.

We are of the opinion that the holding of this court upon former appeal is in fact decisive of this cause.

It results that the judgment of the court below will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.