(93 South. 926)

PARRISH v. STATE. (5 Div. 395.) (Court of Appeals of Alabama. May 16, 1922.) Appeal from Circuit Court, Russell County; J. S. Williams, Judge. Harwell G. Davis, Atty. Gen., for the State.

MERRITT, J. Appeal dismissed, on motion of Attorney General.

═══════

(91 South. 926)

PAYNE v. ALLGOOD. (6 Div. 902.) (Court of Appeals of Alabama. Jan. 10, 1922.) Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge. Stokely, Scrivner & Dominick, of Birmingham, for appellant. Harsh, Harsh & Harsh, of Birmingham, for appellee.

SAMFORD, J. Affirmed on certificate on motion of appellee.

═══════

(92 South. 926)

PEARCE v. STATE (4 Div. 730.) (Court of Appeals of Alabama. Feb. 7, 1922.) Appeal from Circuit Court, Houston County; H. A. Pearce, Judge. Harwell G. Davis, Atty. Gen., for the State.

MERRITT, J. Time for filing bill of exceptions has expired, and there is no error in the record. Affirmed.

═══════

(92 South. 926)

PETERMAN v. STATE. (4 Div. 722.) (Court of Appeals of Alabama. Jan. 31, 1922.) Appeal from Circuit Court, Henry County; H. A. Pearce, Judge. Harwell G. Davis, Atty. Gen., for the State.

BRICKEN, P. J. Appeal dismissed.

═══════

(89 South. 926)

PHŒNIX ASSURANCE CO. v. BLUMBERG. (6 Div. 757.) (Court of Appeals of Alabama. April 21, 1921.) Appeal from Circuit Court, Jefferson County; John C. Pugh, Judge. Cabaniss & Bowie, of Birmingham, for appellant. Coleman & Coleman, of Birmingham, for appellee.

PER CURIAM. Appeal dismissed for want of prosecution. See, also, 203 Ala. 551, 84 South. 763; 204 Ala. 443, 85 South. 815.

═══════

(89 South. 926)

PITTMAN v. TOWN OF ECLECTIC. (5 Div. 341.) (Court of Appeals of Alabama. April 14, 1921.) Appeal from Circuit Court, Elmore County; B. K. McMorris, Judge. Holley & Milner, of Wetumpka, for appellee.

PER CURIAM. Appeal dismissed for want of prosecution.

═══════

(88 South. 926)

PLOTT v. WOODWARD IRON CO. (6 Div. 730.) (Court of Appeals of Alabama. Nov. 9, 1920.) Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge. Frank S. White & Sons, of Birmingham, for appellant. Nesbit & Sadler, of Birmingham, for appellee.

PER CURIAM. Appeal dismissed on motion of appellant.

═══════

(89 South. 926)

RAINWATER v. STATE. (1 Div. 448.) (Court of Appeals of Alabama. June 14, 1921.) Appeal from Circuit Court, Washington County; Ben D. Turner, Judge. Harwell G. Davis, Atty. Gen., for the State.

BRICKEN, P. J. Appeal dismissed.

═══════

(92 South. 926)

REAVES v. STATE. (7 Div. 775.) (Court of Appeals of Alabama. June 13, 1922.) Appeal from Circuit Court, Calhoun County; A. P. Agee, Judge. Charles F. Douglas, of Anniston, for appellant. Harwell G. Davis, Atty. Gen., for the State.

SAMFORD, J. No bill of exceptions, and no error of record. Affirmed.

═══════

(93 South. 926)

RECTORES v. STATE. (6 Div. 928.) (Court of Appeals of Alabama. May 9, 1922.) Appeal from Circuit Court, Jefferson County; William E. Fort, Judge. Harwell G. Davis, Atty. Gen., for the State.

SAMFORD, J. Affirmed on certificate.

═══════

(88 South. 926)

REED v. STATE. (8 Div. 829.) (Court of Appeals of Alabama. Feb. 15, 1921.) Appeal from Probate Court, Madison County; Thos. W. Jones, Judge. Petition by D. F. Reed for habeas corpus. From an order denying the writ, petitioner appeals. Affirmed. J. Q. Smith, Atty. Gen., for the State.

SAMFORD, J. The petitioner is held on a warrant of the Governor of Alabama, issued in response to a requisition of the Governor of the state of Georgia for the return of an escaped felon. There is no bill of exceptions. The proceedings seem to be in all things regular. We find no error in the record, and the judgment is affirmed. Affirmed.

═══════

(88 South. 926)

RHODES v. STATE. (7 Div. 630.) (Court of Appeals of Alabama. June 29, 1920. Rehearing Denied Nov. 9, 1920.) Appeal from Circuit Court, Calhoun County; Hugh D. Merrill, Judge. Murt Rhodes was convicted of distilling prohibited liquors, and he appeals. Affirmed. Willett & Walker, of Anniston, for appellant. J. Q. Smith, Atty. Gen., for the State.

SAMFORD, J. There are but two exceptions noted in the record, both of which were to the introduction of evidence, and both clearly without merit, and not insisted upon. There was abundant evidence to sustain the verdict, and we find no error in the record. The judgment is affirmed. Affirmed.