(103 So. 572)
## GLIMM v. TURNER. (6 Div. 183.)

(Supreme Court of Alabama. March 26, 1925.)

Partnership ☞312—Court's jurisdiction of suit for dissolution, accounting, and settlement not ousted by arbitration agreement.

Partnership agreement to submit disputed matters to arbitration does not oust jurisdiction of court of equity in suit for dissolution, accounting, and settlement.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by William F. Glimm, Jr., against John D. Turner to dissolve a partnership, etc. From a decree sustaining demurrer to the bill, complainant appeals. Reversed, rendered, and remanded.

Sterling A. Wood, Eugene H. Hawkins, and Basil A. Wood, all of Birmingham, for appellant.

Where it is provided in articles of partnership that in case of dispute the same shall be submitted to arbitration, neither partner is bound thereby, and is not precluded from submitting the matter to the proper court. 30 Cyc. 448; Meaher v. Cox, Brainard & Co., 37 Ala. 201; 5 C. J. 20, 42.

J. L. Drennen, of Birmingham, for appellee.

Brief of counsel did not reach the Reporter.

GARDNER, J. Appellant filed this bill against appellee seeking a dissolution of a partnership composed of complainant and respondent doing business under the firm name of John D. Turner Company, and an accounting and settlement of the partnership affairs.

The bill charged respondent with a violation of several of the articles of partnership agreement, and a failure to account to complainant for his interest in the affairs of the concern but a conversion of the joint funds to his own use.

The partnership agreement is in writing, and provides, among other things, that matters of dispute between the parties should be submitted to arbitration for settlement, and the demurrer to the bill as amended takes the point that it does not appear complainant has offered to submit to arbitration.

We judge from the record and from brief of counsel that the demurrer was sustained upon this assignment. It may be seriously questioned that the matters complained of in the bill were such as are contemplated by the agreement to submit to arbitration. But, however that may be, the assignment of demurrer was not well taken, for such agreement did not have the effect of ousting the jurisdiction of a court of equity in a case of this character. This is the generally accepted rule (30 Cyc. 448; 5 Corpus Juris, 20) which has met the approval of this court. Meaher v. Cox, 37 Ala. 201; Stone v. Dennis, 3 Port. 231; Myevre's Case, 156 La. 496, 100 So. 694. In Western Assurance Co. v. Hall, 112 Ala. 318, 20 So. 447, the case of Meaher v. Cox, supra (an authority here directly in point), was distinguished and the holding of that case expressly approved.

We therefore conclude the court erred in sustaining the demurrer. The decree to that effect will be reversed, and one here rendered overruling the demurrer to the bill as amended, and the cause remanded.

Reversed, rendered, and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes