LYONS, Justice
(concurring in the result).
Section 12-19-71, Ala. Code 1975, effective June 10, 1999, the codification of Act No. 99-427, Ala. Acts 1999, increased docket fees in civil cases statewide. Randall Holsbrooks paid the increased docket fee in an earlier civil action. He contends in this action for declaratory and injunctive relief that the increase violates Amendment No. 332, Ala. Const. of 1901, because the increase provided for by Act No. 99-427 was not approved by referendum in Bibb County.
Section 96, Ala. Const. of 1901, prohibits the enactment of laws “not applicable to all the counties in the state, regulating costs and charges of courts.” The first paragraph of Amendment No. 332 authorizes the Legislature to enact general or local laws regulating court costs applicable to Bibb County, subject to approval by referendum. The second paragraph of Amendment No. 332 provides that if the amendment is ratified and a majority of the electorate in Bibb County vote in favor of the amendment, then a referendum is not necessary under certain circumstances. On the other hand, the amendment provides that if it is ratified by a sufficient number of voters statewide, but nevertheless fails to receive the approval of a majority of the voters in Bibb County, then the acts for which no referendum would have been necessary had a majority of the voters of Bibb County approved the amendment would have no force or effect.
The trial court construed the second paragraph as dispensing with the necessity for a referendum on the increased court costs. The main opinion rejects the trial court’s interpretation and concludes that the second paragraph does not insulate the act proposing the increased court costs from a referendum. The main opinion then concludes that the requirement of a referendum in the first paragraph is limited only to those instances when the Legislature chooses to raise court costs in Bibb County by a local act. Because Hols-brooks’s court costs were increased by reason of a general act, his claim that the act proposing those costs conflicts with Amendment No. 332 must fail.
Because the trial court’s rationale was based solely on the second paragraph of Amendment No. 332, we must consider that second paragraph before we consider the first paragraph. The second paragraph of Amendment No. 332 provides:
“In the event this amendment is approved and a majority of the qualified electors of said county who vote thereon vote in favor of the adoption of this amendment when it is submitted, then any law theretofore passed which places any officers in Bibb county on a salary basis, or any law fixing, regulating, and altering the costs and charges of court and the fees, commissions, allowances, and salaries of any officer in Bibb county, may become effective without any other election having been held thereon. In the event this amendment is approved and a majority of the qualified electors of said county who vote thereon vote against its approval, then such act or acts shall have no further force or effect.”
(Emphasis added.)
The second paragraph of the amendment deals with two kinds of laws. It speaks of laws placing officers in Bibb County on a salary basis and then, in a separate phrase, it refers to laws regulating court costs, fees charged by officers, and salaries paid to officers in Bibb County. The second paragraph dispenses with *718 the necessity for local approval for laws “theretofore passed,” should the amendment be ratified statewide as well as be approved by the voters of Bibb County. However, the phrase “theretofore passed” appears as a modifier to the phrase “law ... which places any officers in Bibb county on a salary basis.” The trial court restricted the operation of the phrase “theretofore passed” to those laws placing officers in Bibb County on a salary basis. Hence, in the view of the trial court, “all laws” (regardless of when passed and not simply laws “theretofore passed”) fixing, regulating, and altering the costs and charges of court and the fees, commissions, allowances, and salaries of any officer in Bibb County, could become effective without a local election.
The main opinion rejects this conclusion, based upon a reading of the second paragraph that treats the phrase “theretofore passed” as applicable to both kinds of laws, i.e., those that place any officers in Bibb County on a salary basis and those that regulate the costs and charges of courts. In other words, the main opinion treats the operative portion of the second paragraph as if it read:
“[A]ny law theretofore passed which places any officers in Bibb county on a salary basis, or any law [theretofore passed] fixing, regulating, and altering the costs and charges of court and the fees, commissions, allowances, and salaries of any officer in Bibb county, may become effective without any other election having been held thereon.”
(Inserted language in brackets.)
One other aspect of the second paragraph merits discussion. The last sentence deals with the possibility that the amendment could be enacted statewide but rejected in Bibb County. In that situation, “such act or acts shall have no further force or effect.” If the phrase “theretofore passed” applies to both categories of laws, then all previous laws altering court costs, including those previously passed by general law, would have no further force or effect.
We must also ask whether the main opinion’s insertion of this language in the second paragraph harmonizes with the main opinion’s interpretation of the first paragraph. If it does not, we have reached an erroneous interpretation, because we should not construe a paragraph so as to render it meaningless or inconsistent with a preceding paragraph. Blmn-berg Shoe Co. v. Phoenix Assur. Co., 203 Ala. 551, 84 So. 763 (1919).
The first paragraph of Amendment No. 332 provides:
“The legislature may, from time to time, by general or local laws applicable to or operative in Bibb county and approved by a majority of the qualified electors of Bibb county at a referendum election, fix, regulate, and alter the costs and charges of court and the fees, commissions, allowances, and salaries, including the method and basis of their compensation, to be charged or received by the probate judge, the circuit clerk and the register, the tax assessor, and the tax collector of Bibb county; and may place any or all of such officers on a salary and provide for the fees, commissions, allowances, and percentages collectible by such officers to be paid into the treasury from which their salaries are paid.”
(Emphasis added.)
The first paragraph allows for “general or local laws applicable to or operative in Bibb county and approved by a majority of the qualified electors of Bibb county at a referendum election.” (Emphasis added.) The amendment describes such “general or local laws” as those laws that “fix, regu *719 late, and alter the costs and charges of court and the fees, commissions, allowances, and salaries, including the method and basis of their compensation,” and those laws that place officers of Bibb County on a salary with sums “collectible by such officers to be paid into the treasury from which their salaries are paid.” In order to dispense with the necessity for local approval of general laws, one must add to the language of the amendment the word “laws” after the word “general.” In other words, the relevant portion of the first paragraph would have to be changed to read:
“The legislature may, from time to time, by general [laws] or local laws applicable to or operative in Bibb county and approved by a majority of the qualified electors of Bibb county at a referendum election.... ”
(Inserted language in brackets.)
Without this modification, the requirement of approval by a majority of the voters in Bibb County would apply to both general laws and local laws. The main opinion has made this insertion in order to conclude that the requirement of a referendum in the first paragraph is limited only to those instances when the Legislature chooses to raise court costs in Bibb County by local act. The main opinion inserts language in the second paragraph to defeat the rationale of the trial court and inserts language in the first paragraph to reach the same result as that reached by the trial court, albeit on different grounds.
If one embraces the view that adding language to either paragraph is beyond our province, one is left with a first paragraph that requires local approval of all laws raising court costs in Bibb County, regardless of whether those laws are general or local. One is also left with a second paragraph that dispenses with local approval for one class of laws (those raising court costs, among others). However, while it may appear so on the surface, this interpretation of the second paragraph does not conflict with the foregoing interpretation of the first paragraph, because the second paragraph adds a condition not considered in the first paragraph' — -the approval of the amendment statewide and in Bibb County. Moreover, the main opinion’s inserted language in the first paragraph deprives the condition dealt with in the second paragraph of a field of operation with respect to general laws. This is so because the second paragraph, even as modified by the main opinion, does not refer exclusively to local laws. Consequently, I must answer the question whether the language the main opinion adds to the second paragraph harmonizes with the language it adds to the first paragraph by respectfully suggesting that it does not.
I would affirm the trial court’s judgment on the basis of its rationale, not the rationale provided in the main opinion. I therefore concur in the result.
HOUSTON and WOODALL, JJ., concur.