### McGIFFORD v. PROTECTIVE LIFE INS. CO.

6 Div. 398.

Supreme Court of Alabama.

Oct. 26, 1933.

Rehearing Denied Dec. 14, 1933.

Ross, Bumgardner, Ross & Ross and Edward H. Saunders, all of Bessemer, for appellant.

Huey, Welch & Stone, of Bessemer, and Cabaniss & Johnston, of Birmingham, for appellee.

KNIGHT, Justice.

Bob McGifford, appellant here, filed his suit in the circuit court against the Protective Life Insurance Company, to recover the sum of $500, and interest thereon, as and for disability benefits, alleged to be due him under a "group policy of life insurance and certificate issued in accordance with the group policy." The plaintiff stated his case in two counts.

The cause was tried on the plea of the general issue, with leave to give in evidence any matter which, if well pleaded, would be admissible in defense of the action, and with like leave to plaintiff to give in evidence any matter which, if well pleaded, would be admissible in reply to such defensive matter, to have effect as if so pleaded.

On account of adverse rulings of the court on exclusion of certain evidence, the plaintiff took a nonsuit, with bill of exceptions.

The group policy of insurance was entered into by and between the appellee, an insurance company, and the Pioneer Insurance Club of the Republic Steel Corporation's employees, on December 1, 1929, and on the same day, the appellee issued to the appellant a certificate of insurance in the sum of $500 upon his life; he being at the time an employee of the Republic Steel Corporation, and a member of the Pioneer Insurance Club. The certificate so issued to the appellant appears in the report of the case.

On the trial, the plaintiff read in evidence the group policy of insurance.

The plaintiff also offered in evidence the above-mentioned certificate. The defendant objected to the introduction of the certificate in evidence upon the grounds: "It is not shown that any life insurance was in full force and effect, or that the certificate was in full force and effect at the time the proof of loss was made, and it is irrelevant, incompetent, illegal and immaterial at this time." The court sustained the objection, and plaintiff duly reserved an exception.

It was admitted that the plaintiff had paid all premiums under his certificate of insurance and the group policy through the month of January, 1932.

It appears from the evidence in the cause that the plaintiff ceased to be an employee of the Republic Steel Corporation after January 12, 1932, that no premiums falling due

on said policy since January 31, 1932, have been paid, and that if the policy—"Master Policy"—was still in force since 1932, it did not include the plaintiff as a member of the group covered by the policy, since January, 1932.

Pertinent provisions of the policy are here set out:

"Members are automatically insured in accordance with the terms of the plan of insurance above, subject to the terms of this policy. Any employee of the Republic Steel Corporation, at the time this policy becomes effective, shall be eligible for insurance hereunder, provided he becomes a member of the club on or before January 1, 1930. Insurance will be effective at 12:01 A. M. on the first day of the month following the date application is approved by the club. * * *

"The insurance on any member shall cease at the end of the month of the termination of his membership. If a member is disabled, given a leave of absence, or temporarily laid off, the membership need not be considered terminated, provided the premium applicable to that member is paid to the company as provided herein. * * *

"In any event any member who ceases to be in the employ of the Republic Steel Corporation, shall cease to be insured hereunder at the end of the month of such termination. *. * *

"If any member insured under this policy shall furnish this company with due proof that before having attained the age of sixty years, he or she has become totally and permanently disabled by bodily injury or disease, and that he or she is then, and will be at all times thereafter, wholly prevented thereby from engaging in any gainful occupation, the company will pay to such member in full settlement of all obligations hereunder as to such member's life, the amount of insurance in force hereunder on such member at the time of the approval by the company of the proofs as aforesaid. This amount will be paid either in one sum six months after proof of disability has been established or in installments as hereinafter provided, beginning immediately after proof of disability has been established. For each $1000.00 of insurance hereunder the amount of each installment shall be in accordance with the following table."

The contention of appellant is that, the permanent and total disability of the appellant having occurred in the month of December, 1931, or January, 1932, while the policy of insurance was admittedly in force, the status of the insured as being then entitled to the benefits provided for in the last-quoted clause of the policy was thereby fixed, and the provision for submitting to the company, for its approval, the proof of such total and permanent disability, was a condition subsequent, and could be complied with by the insured within a reasonable time thereafter. The appellant further takes the position that there is such ambiguity in the contract in this particular that it calls for and requires judicial construction. In this view of the situation, the appellant brings to the attention of the court the familiar and well-understood rules of construction of insurance contracts which this court, in accord with other courts, has uniformly applied in the construction of such contracts, when ambiguity or uncertainty occurs in the written memorial of the parties. These rules are too well understood to require restatement here. They are fully and aptly stated in the text in 32 Corpus Juris, §§ 257, 258, 259, 260, 263, 264, 265, at pages 1147, 1148, 1149, 1150, 1151, 1152, and 1153. This statement of the text has received the approval in the main of this court in many decisions.

Another familiar rule, obtaining in this court, as well as elsewhere, is that it is the duty and function of the court to construe and enforce the contract as it is written (Cherokee L. Ins. Co. v. Brannum, 203 Ala. 145, 82 So. 175; Day v. Home Ins. Co., 177 Ala. 600, 58 So. 549, 40 L. R. A. (N. S.) 652; Union Mut. Aid Ass'n v. Carroway, 201 Ala. 414, 78 So. 792), and not to attempt to make a new contract for the parties, nor, by implication or construction, to add to the contract words, terms, or conditions, exceptions, promises, or obligations which it does not contain (Montgomery Enterprises et al. v. Empire Theater Co., 204 Ala. 566, 86 So. 880, 19 A. L. R. 987; Continental Cas. Co. v. Ogburn, 175 Ala. 357, 57 So. 852, Ann. Cas. 1914D, 377).

Another cardinal rule, enforced everywhere, so far as we are informed, is that, if the contract of insurance, in its terms, is plain, certain, and free from ambiguity, there is no room for construction, and it is the duty of the court to enforce it as written. 13 Corpus Juris, § 513, p. 541; New York Life Ins. Co. v. Torrance, 224 Ala. 614, 141 So. 547, and cases there cited.

With these rules in mind, we will now consider the terms of the contract of insurance in the case before us, to ascertain if there is in fact any ambiguity or uncertainty in its terms. In order to entitle the insured to disability benefits under the policy contract, it is clear to us that the insured must necessarily be a member of the Pioneer Club and an employee of the Republic Steel Corporation, and the insurance must be then in force. If a member is disabled, given leave of absence, or temporarily laid off, the membership need not be considered terminated, provided the premiums applicable to that member are paid to the company as provided in the policy. In any event, "any member

who ceases to be in the employ of the Republic Steel Corporation, shall cease to be insured hereunder at the end of the month of such termination."

Confessedly, under the evidence, the plaintiff ceased after January, 1932, to be a member of the club, and ceased to be an employee of the Republic Steel Corporation, and did not pay the monthly dues required of an insured, under said policy, after January, 1932.

It is clear also, to our minds, that, to be entitled to the total and permanent disability benefits, provided in the insurance contract, the claimant must be a member at the time he submits his proof of disability, and the insurance must be in force, as to such insured, at the time of the approval by the company of the submitted proofs. We discern no ambiguity or doubtful meaning whatever in the contract on this point. Its provisions are clear, and to give the contract the meaning insisted upon by appellant would, in our judgment, make a new contract for the parties. This we are not warranted in doing under the guise of "construction."

Our recent case of New England Mutual Life Ins. Co. v. Reynolds, 217 Ala. 307, 116 So. 151, 152, 59 A. L. R. 1075, is in many of its features very similar to the case now before us. In that case we held, under a life policy containing a provision waiving premiums, in the event of permanent total disability of the insured on being furnished due proof thereof, that the furnishing of such proof of disability constituted a condition precedent to waiver of premium, notwithstanding the fact that the insured was insane on the date the premium became due and continued in that state until his death. The provision with reference to waiving payment of premium in the Reynolds Case, supra, was: "If the insured * * * shall furnish due proof to the company, at its home office in the city of Boston, that he has become wholly disabled by bodily injury or disease, * * * the company will waive payment of each premium as it thereafter becomes due during the continuance of such disability."

This court in passing upon the question of waiver said: "The intervening clauses name the conditions under which such proof is allowable, and define the character of disability. They must all concur to make the waiver effective. But the furnishing of proof is the specific condition upon which the company 'will' waive each premium 'thereafter' to become due. 'Thereafter' clearly refers to date of furnishing proof. The clause is in no way ambiguous or of doubtful meaning."

Our conclusion is that furnishing proof of disability, and the approval of the same by the appellee, while the insured was a member, with premiums paid, and the insurance was in force were conditions precedent and not subsequent, as contended by appellant's counsel. These conditions were not complied with by the insured; to the contrary he ceased to be a member of the club, ceased to be an employee of the Republic Steel Corporation; he defaulted in payment of his monthly dues for at least eight months, and permitted thereby his insurance to lapse, before he made any effort to submit proof of his disability, and, according to the evidence, the proofs submitted have never received the approval of the company. However, in this connection, we do not wish to be understood as holding that the company could avoid liability in a proper case by arbitrarily refusing to approve sufficient proofs of disability, timely given. On the admission made on the trial, and the testimony offered by the plaintiff, he was not entitled to recover in the cause, and would not have been had the court not rejected the evidence, which led plaintiff to take the nonsuit. So, whether the court committed error or not, in rejecting the certificate and proof of disability, we will not reverse therefor, as it involved no injury to plaintiff.

It follows that the judgment appealed from will be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER, THOMAS, BOULDIN, and FOSTER, JJ., concur.

BROWN, Justice (dissenting).

There was evidence showing that the illness of plaintiff which rendered him totally disabled to engage in any gainful occupation occurred during the months of December, 1931, and January, 1932; that at this time the insurance was in force, and so continued through the month of January, 1932.

The insurance for which he paid was against such illness, and to hold that the filing and approval by the company of proof of such illness was a condition precedent to liability, puts it within the power of the insurer to nullify the policy and deprive the plaintiff of the protection for which he confessedly had paid. Therefore I cannot agree to the pronouncement of the majority opinion, and respectfully dissent.