157 So. 59

**EQUITABLE LIFE ASSUR. SOC. v. DORRIETY.**

**6 Div. 419.**

Supreme Court of Alabama.
Oct. 4, 1934.

Rehearing Denied Nov. 1, 1934.

Howze & Brown, of Birmingham, for appellant.

W. A. Denson, of Birmingham, for appellee.

**KNIGHT, Justice.**

Action by plaintiff, appellee, upon an insurance policy, providing for disability benefits in case of accidental injury, resulting in total and permanent disability, occurring within the life of the policy contract, and of which the insurer was furnished due proof before default in the payment of premiums.

After demurrers were sustained to original counts 1 and 2, the plaintiff amended his complaint by filing counts 3 and 4.

The defendant demurred to the complaint as last amended, and to each count thereof separately and severally. The amended complaint at that time consisted of counts 3 and 4, as there was no effort to amend counts 1 and 2, after demurrers were sustained thereto.

It is now insisted by appellee that the record does not disclose any ruling of the court on the demurrers to the added counts. There is no merit in this insistence. The record shows that the demurrers to the amended complaint were considered and overruled by the court. This necessarily shows that the demurrers were overruled to counts 3 and 4, as they were, at that time, the only counts in the complaint.

Counts 3 and 4 contain every necessary averment to meet the rule of good pleading, and were not subject to any ground of demurrer assigned thereto. American Bankers' Ins. Co. v. Dean, 227 Ala. 387, 150 So. 333; Sovereign Camp, W. O. W., v. Gunn, 224 Ala. 444, 140 So. 410; Bankers' Credit Life Ins. Co. v. Lee, 224 Ala. 398, 140 So. 609; Commercial Casualty Ins. Co. v. Hubert, 226 Ala. 357, 147 So. 134; Inter-Ocean Casualty Co. v. Foster, 226 Ala. 348, 147 So. 127; National Life & Accident Ins. Co. v. Hannon, 212 Ala. 184, 101 So. 892.

The evidence in the case is without dispute that plaintiff had paid all premiums due on the policy up to December 18, 1928, and under the terms of the policy a grace of thirty-one days was allowed within which any premium,

other than the first, might be paid, and during which period the policy would continue in full force and effect.

The policy contract with reference to total, permanent disability benefits contains the following consecutive provisions:

"(1) Disability Benefits before age [of] 60 shall be effective upon receipt of due proof, before default in the payment of premium, that the insured became totally and permanently disabled by bodily injury or disease after this policy became effective and before its anniversary upon which the insured's age at nearest birthday is 60 years, in which event the Society will grant the following benefits:

"(a) Waive payment of all premiums payable upon this policy falling due after the receipt of such proof and during the continuance of such total and permanent disability; and

"(b) Pay to the insured a monthly disability annuity as stated on the face thereof; the first payment to be payable upon receipt of due proof of such disability and subsequent payments monthly thereafter during the continuance of such total and permanent disability. * * *

"Disability shall be deemed to be total when it is of such an extent that the insured is prevented thereby from engaging in any occupation or performing any work for compensation of financial value, and such total disability shall be presumed to be permanent when it is present and has existed continuously for not less than three months * * *."

The evidence is without any sort of dispute that the plaintiff, as the result of an automobile accident, received severe, serious, and lasting injuries while going to his place of business on December 7, 1928. In this accident, his shoulder was disclocated, both legs were broken, the right leg about three inches below the hip, and fragments of the bone overlapping causing shortening of the leg. The left leg was broken, the fracture occurring where the neck of the bone joins the shaft. He has partial ankylosis of the right knee, which has not yielded to treatment.

Dr. Charlton S. Harris, the attending physician, testified fully as to the injuries, and stated that it was his opinion that the plaintiff was permanently and totally disabled. This physician stated that the plaintiff can only stand for a short time upon his feet, can do no manual labor, and that he did not know

"of anything that he was fit to do." That he did not believe his condition would yield to treatment.

Prior to the accident the plaintiff worked at a filling station, pumped gas, and did anything necessary to be done at the station. Since the injury the plaintiff has not been able to do the work he did before the accident. The injuries have not ceased to give him pain. According to one witness, his wife, he can stand on his feet only a few minutes at a time, and then with expressions of pain.

As to the total, permanent, and continuous disability of the plaintiff, the evidence was, under the rules of law applicable thereto, sufficient to carry the case to the jury on that issue.

It is true that instead of "scrambling around with a tin cup on the street," the plaintiff has attempted to do some little work to keep "the wolf from his door," but he has been able to do only a little work, and certain it is that since the accident, and as a result of it, he has been unable to do all the material acts and things necessary to the conduct and prosecution of his business or occupation in substantially his customary and usual manner.

In our recent case of New York Life Ins. Co. v. Gaston Torrance, 228 Ala. 286, 153 So. 463, 464, it was said, with reference to what constituted total and permanent disability within the meaning of a policy contract, which contained the following words: "Thereby permanently and continuously prevented (him) from engaging in any occupation whatsoever for remuneration or profit": "The terms of the policy are that total disability must be such as that it 'thereby permanently and continuously prevented (him) from engaging in any occupation whatsoever for remuneration or profit.' If his physical or mental condition was such that his attempt to engage in an occupation was not accompanied with the ability to do so in its substantial features with the skill and accuracy which such business demands, in the usual and customary manner, he is totally disqualified from pursuing that occupation, though he does undertake to carry it on, but, in doing so, such want of skill and ability are manifest."

The evidence in the case, as above pointed out, was sufficient to require it on this issue to be submitted to the jury. United States Casualty Co. v. Perryman, 203 Ala. 212, 82 So. 462; Travelers' Ins. Co. v. Plaster, 210 Ala. 607, 98 So. 909; 2 Bacon on Life & Accident Ins., § 554; Aetna Life Ins. Co. v. Lasseter, 153 Ala. 630, 45 So. 166, 15 L. R. A. (N. S.) 252; New York Life Ins. Co. v. Torrance, 224 Ala. 614, 141 So. 547.

It is also insisted by appellant that the insured did not pay the semiannual premium falling due on said policy on December 18, 1928, or within thirty-one days after the due date of premium furnish it with *due proof* that he had become totally and permanently disabled.

The evidence is without dispute that the premium falling due on December 18, 1928, has never been paid.

The wife of the insured testified that she at the request of the insured wrote and mailed a letter properly stamped to the defendant, addressed to it at its home office in New York City, advising the company of the accident and of the insured's injuries. This letter, she testified, was written and mailed about December the 12th or 13th, 1928.

In the letter above mentioned, Mrs. Dorriety testified she informed the company of the accident, that Mr. Dorriety had several bones broken, a badly dislocated shoulder; did not know just how long he (insured) would be laid up; that the doctor said he would probably be disabled six or seven months.

It is insisted by appellant that the letter, written to it by Mrs. Dorriety, if one was in fact written, was wholly insufficient to be deemed a compliance with the terms of the policy, requiring due proof to be made of the accident and of the claimed disability.

The purpose or object of requiring the insured to furnish proof of loss to an insurance company is that it may have knowledge of the particulars of the loss and all data necessary to determine its liability and the amount thereof. Unless required by the terms of the policy, no particular form of proof is necessary so long as it is ample to enable the company to consider its rights and liabilities. 33 Corpus Juris, § 665.

In 14 R. C. L. § 507, it is said: "The sufficiency of proofs is for the court to determine, and the question need not be submitted to the jury. Substantial compliance with a condition in the policy relating to the production of preliminary evidence of loss must be made by the claimant before a right of action will accrue to him for losses, unless the right to insist on such preliminary condition is waived. But such conditions are liberally expounded, and held to require only the best evidence of the fact *which the party possesses at the time*, and the claimant is not bound to comply with the condition with technical

strictness, either as to time or manner of compliance. To constitute satisfactory proofs they should be such as to make out a prima facie case against the insurer, but the evidence need not be by an eyewitness; any form of evidence which is substantial and trustworthy enough to enable the insurer to form an intelligent estimate of its rights is sufficient."

In Joyce on Insurance the rule with reference to the nature of the proofs of death is stated as follows:

Section 3290. "As a general rule the preliminary proofs of death need be of no higher nature than would be sufficient in an action upon the policy. The policy may specify the nature of the proofs required. Where it does not, however, so specify, but simply requires notice and proof, or due notice and proof, then the provision is complied with by furnishing such proof as by reasonable efforts may be obtained, and should be satisfactory, and it is only necessary to give such reasonable and proper evidence as can at the time of making the proof be obtained, so as to determine the company's liability and the right of the claimants to recover. Nor is it necessary, unless so specified by the contract, to set forth all the details and circumstances as to the death of the insured. Life policies frequently contain a provision requiring 'due notice and proof of death' before any right of action accrues upon the policy. Such provision is of course a condition precedent to payment. And no liability attaches unless proof is furnished or unless the provision is waived.

"The question then arises, What is 'due notice and proof?' It does not rest with the insurers alone to decide this question. The provision requires such notice and proof as may appeal to a court to be in accordance with the rules of evidence, and if such notice and proof have been given, then there has been a compliance with the provision. The question, then, as to what is due proof, is to be determined by the court according to the rules of evidence, and not by the insurers. And due proof of a claim of loss under a policy means such a statement of facts, reasonably verified, as, if established in court, would prima facie require payment of the claim, and does not mean some particular form of proof which the insurer arbitrarily demands. The statement of one adequate fact in the proofs does not exclude others omitted through mistake or ignorance. The policy may of course, as in other risks specify the nature of the proof required in case of the death of insured. If it does so specify it, then, as already stated concerning other risks, there must, as a general rule, be a substantial compliance with the provision."

In the case of Ellen O'Reilly v. Guardian Mutual Life Ins. Co. of New York, 60 N. Y. 169, 19 Am. Rep. 151, it was held that where a policy of life insurance provided, as a condition precedent to a right of action thereon, that due notice and proof of death should be given, a simple unverified notice was not sufficient, and did not dispense with proof. That the condition could only be complied with by furnishing to the company evidence, in some form, of the death of the subject of the insurance; such evidence, to be availing, must give assurance that the event has happened.

In that case the insured's wife gave the company the following notice: "I hereby inform you that my husband, Michael O'Reilly, whose life was insured in your office, by policy 22,016, died in this city, on the fifteenth day of May last, after a short illness." The notice was duly signed by the wife.

The Court of Appeals of New York held that the above notice was insufficient to comply with the condition in the policy requiring that due proof be submitted; that the notice given was not proof within the meaning of the term, as used in the policy.

In the case of American Merchant Marine Ins. Co. v. Margaret M. Ford Corporation, 269 F. 768, 771, it was held by the Circuit Court of Appeals of the Second Circuit: "The object of proof of loss is to give information to the insurance company as to the facts rendering it liable. A substantial compliance with the terms of the policy is sufficient.' Globe & Rutgers Ins. Co. v. Prairie Oil & Gas Co., 248 F. 452, 160 C. C. A. 462."

In 19 Cyc. p. 849, the rule with reference to the sufficiency of proofs is stated: "The object of the clause usually found in insurance policies, requiring the insured to furnish proofs of loss, is to give the company reasonable information as to the facts rendering it liable under the policy. Such a requirement is valid, and failure to reasonably comply with it, if not waived by the company, will defeat recovery for the loss; but a substantial compliance is all that is required."

This court, in the case of Blumberg Shoe Co. v. Phoenix Assurance Co., Limited, of London, 203 Ala. 551, 84 So. 763, quoted with approval the statement of the above rule taken from Cyc.

All that can be said of the letter of the plaintiff to the defendant is that it was an informal notice of the accident and of the injury sustained by the insured, coupled with the statement that the doctor thought the disability might continue for six or seven months, and it was not that due proof of total and permanent disability which the policy required should be submitted in order to entitle insured to a waiver of the subsequently falling due premiums.

In the case of New England Mut. Life Ins. Co. v. Reynolds, 217 Ala. 307, 116 So. 151, 152, 59 A. L. R. 1075, we held that under a life policy containing a provision waiving premiums, in the event of total disability of the insured, on being furnished due proof thereof, that the furnishing of such proof of disability constituted a condition precedent to waiver of premium, notwithstanding the fact that the insured was insane on the date the premium became due and continued in that state until his death.

Our opinion is, the plaintiff having failed to pay the premium falling due on the policy on December 18th, and having failed to furnish the company *due proof* of his total and permanent disability within thirty-one days after the due date of the premium, the policy lapsed, and the plaintiff shows no right to recover in this action, under the pleadings as cast, and the defendant was due the general affirmative charge, which it requested in writing.

If the matter appearing on the back of the policy, suggesting to the insured, in effect, that it was not necessary to employ any person to collect the insurance or to secure any benefits under the policy, but to write direct to the society, 393 Seventh avenue, New York, is sufficient to relieve the plaintiff from filing formal proof of loss, such waiver was not pleaded, and cannot avail the plaintiff on this appeal, nor do we wish to be understood as intimating that the said statement so appearing on the back of the policy can be so construed and treated.

Having reached the conclusion that the defendant, under the evidence, was entitled to the general affirmative charge in its behalf, it becomes unnecessary to consider the other questions presented by appellant's assignments of error.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.