*159 So. 233*

**BURCHFIELD v. ÆTNA LIFE INS. CO.**

**6 Div. 671.**

Supreme Court of Alabama.

Jan. 17, 1935.

Rehearing Denied Feb. 21, 1935.

50

London, Yancey, Smith · & Windham and Geo. W. Yancey, all of Birmingham, for appellee.

Tom. B. Ward and J. M. Ward, both of Tuscaloosa, for appellant.

KNIGHT, Justice.

Joseph P. Burchfield filed this suit in the circuit court against the Ætna Life Insurance Company, to recover the sum of $2,500, the amount claimed to be due him under a certain group policy of insurance, a certificate thereunder having been issued to him as one of the

insured under the policy, while the master policy was delivered to the partnership of Burchfield Brothers.

After the trial of the cause, and judgment rendered therein in favor of the defendant, the Ætna Life Insurance Company, Mr. Burchfield died, and Alta Lee Burchfield was duly appointed as executrix of his last will and testament. The appeal in the case is taken by the executrix.

The policy contract sued on is what is commonly called a "Term Policy," and provides for disability benefits to be paid to the insured in case of total and permanent disability upon certain conditions, and also provides for the waiver by the company of further payment of premium for the insurance upon conditions set out in the policy.

Both the life or major policy and the certificate contained a health and accident provision, as follows:

"If total disability of the insured begin after the date of this policy and before age sixty, and if due proof be furnished the company after such disability has existed for a period of six months and if such disability presumably will during lifetime prevent the insured from pursuing any occupation for wages or profit, or if the insured shall suffer the entire and irrecoverable loss of the sight of both eyes or of the use of both hands or both feet or of the use of one hand and one foot, and if proof of such loss be furnished to the company before the insured attains the age of sixty years, the insured shall be deemed to be totally and permanently disabled within the meaning of this policy.

"Upon surrender of this policy and upon receipt of the home office of the company, during the continuance of this policy, of due proof of such total and permanent disability, the company will waive further payment of premium for the insurance and will pay to the insured, in lieu of all other benefits, the sum then insured."

So far as this case is concerned, the following portion of the above provision may be disregarded, as no such claim is presented by this suit: "or if the insured shall suffer the entire and irrecoverable loss of the sight of both eyes or of the use of both hands or both feet or of the use of one hand and one foot, and if proof of such loss be furnished to the company before the insured attains the age of sixty years."

It will, therefore, be seen that the only provision of the policy which required proof of disability should be given the company before the insured attained the age of sixty years, relates solely to disability resulting from the loss of sight of both eyes, or of the use of both hands, or both feet, or of the use of one hand and one foot. Those pleas of the defendant—pleas 6 and 7—which attempted to plead this provision of the policy which required the furnishing of proof of such disability before the insured attained the age of sixty years tendered an immaterial issue, and the plaintiff's demurrer addressed to these pleas should have been sustained. However, in the view we take of the case, this ruling involved no injury to appellant, and we will not reverse the case on account of this erroneous, but not injurious, ruling of the court. S. C. Rule 45.

The defendant also filed, in addition to the general issue, a number of other special pleas, bringing forward in defense of the action the provision of the contract, which required that due proof of the insured's total and permanent disability should be given during the continuation of the policy, and averred in substance, in each of the pleas, that this provision of the policy had not been complied with, in that no proof of disability was furnished the defendant until after the policy had lapsed for nonpayment of premiums.

The plaintiff filed thirty-four grounds of demurrer to these pleas. One of the plaintiff's contentions is that the provision relating to the furnishing of proof of disability was a condition subsequent, which could properly be raised only by plea in abatement, and consequently compliance with said provision was not a condition precedent to plaintiff's right to the benefits, but served only to defer action to recover the same until the required proof was given. Such would be the case if the giving of such proof was in fact a condition subsequent and not precedent. Westchester Fire Ins. Co. v. Green, 223 Ala. 121, 134 So. 881; National Surety Co. v. Julian, 227 Ala. 472, 150 So. 474.

The first paragraph of the certificate sued on is composed of two *independent* clauses. The first deals with disability in general, of a total and permanent character. The second clause deals with disability resulting from certain designated infirmities, suffered before the insured attained the age of sixty years. Each clause is independent of the other, and in no true or just sense do they constitute constituent elements of an indivisible whole.

In the first clause, there is this provision: "and if due proof be furnished the company after such disability has existed for a period of six months * * *." While in the second clause, the provision as to notice reads: "And if proof of such loss be furnished to the com-

pany before the insured attains the age of sixty years." These two clauses simply define the disability, and fix the status of the insured as being totally and permanently disabled within the meaning of the policy contract. Standing alone, they do not undertake to obligate the insurer to either waive further payment of premiums for the insurance, nor do they obligate the insurer to pay the insured anything. If the contract had stopped at the end of this first paragraph, the plaintiff, under neither of the clauses, would have any claim to the $2,500 sued for in this action. There would simply be no liability on the defendant under the policy, except the obligation to pay the named beneficiary the face of the policy upon the death of the insured.

It is in the second paragraph of the certificate that the insurer agrees to waive premiums, and to pay, in lieu of all other benefits, *the sum then insured.* This second paragraph must, perforce, be read into each of the disjunctive clauses of the first paragraph, *or they become meaningless.*

Deleting the provision as to specific disability set forth in the second clause of the first paragraph of the certificate, as it is not involved in this suit, the provision as to payment of disability benefits will read:

"If total disability of the insured begin after the date of this policy and before age sixty, and if due proof be furnished the company after such disability has existed for a period of six months and if such disability presumably will during lifetime prevent the insured from pursuing any occupation for wages or profit, or if the insured shall suffer the entire and irrecoverable loss of the sight of both eyes or of the use of both hands or both feet or of the use of one hand and one foot, and if proof of such loss be furnished to the company before the insured attains the age of sixty years, the insured shall be deemed to be totally and permanently disabled within the meaning of this policy.

"Upon surrender of this policy and upon receipt at the Home-Office of the Company, during the continuance of this policy, of due proof of such total and permanent disability, the Company will waive further payment of premium for the insurance and will pay to the insured, in lieu of all other benefits, the sum then insured."

■ It is apparent, therefore, that the obligation to waive further payment of premiums and to pay the insurance money is dependent upon the performance of a condition precedent, namely, the surrender of the policy and the receipt at the home office of the company,

during the continuance of the policy, meaning while the policy is then in force, of due proof of such total and permanent disability.

That this is the correct interpretation of the contract is further emphasized and made more apparent by the employment of the four last words of the quoted provision, namely, "the sum then insured."

If this interpretation is not right, we fail to see just what is the office of the second paragraph of the contract. It cannot be said that this second paragraph applies simply to the second alternative clause of the quoted provision, and not to the first clause. Each of the two clauses provided for the furnishing of proof of the disability. Had the last clause omitted all reference to furnishing of proof of the disability, there might be some plausibility for an argument that the last paragraph of the provision was intended to apply solely to the provision covering disability arising from certain designated infirmities.

It cannot be argued that the pronominal adjective "such," appearing in the second paragraph of the certificate immediately preceding the word "disability," refers to and qualifies the disability provided against in the second clause of the first paragraph of the certificate and not to the disability provided against generally.

As we construe the provisions for the waiver of premiums, and the payment of the benefits claimed, there is no uncertainty or ambiguity in the contract, and this case, in our opinion, falls within the influence of, and is controlled by, our decisions in the cases of New England Mutual Life Ins. Co. v. Reynolds, 217 Ala. 307, 116 So. 151, 59 A. L. R. 1075; McGifford v. Protective Life Ins. Co., 227 Ala. 588, 151 So. 349; Equitable Life Assur. Soc. v. Dorriety, 229 Ala. 352, 157 So. 59; and our recent case of Annie Mae McCutchen v. All States Life Ins. Co., 158 So. 729.

We therefore hold that each of defendant's pleas 3, 4, and 8 presented a full defense to the action, and the court properly overruled plaintiff's demurrer thereto.

■ Plaintiff's replications 1, 2, and 3 presented no sufficient matters in answer to, or in avoidance of, the matters set up in defendant's said pleas. New England Mutual Life Ins. Co. v. Reynolds, supra; Annie Mae McCutchen v. All States Life Ins. Co., supra.

■ Plaintiff's fourth replication was likewise subject to defendant's demurrer. There is nothing in the letter of the defendant brought forward in plaintiff's fourth replication upon which to base the asserted waiver.

The cause was tried by the court without a jury, on an agreed statement of facts, which fully sustained each of the defendant's pleas, which we have held to be sufficient. Therefore, the error of the court in overruling plaintiff's demurrer to pleas 6 and 7 was without injury, and does not require a reversal of the judgment.

It appears from the evidence, but not from the pleadings, that the policy of insurance issued by the defendant in this case is what is termed a "group policy"; and one of the provisions is that the insurance provided for therein terminates whenever the insured ceases to be in the service of the employer, but with the right in insured to have the company issue, without evidence of insurability, a policy of life insurance in any one of the forms customarily issued by the company, except term insurance, in an amount not in excess of his insurance under his then policy, upon payment of proper premium.

Cases may and often do arise, no doubt, when the immediate result of total disability will bring about an immediate termination of the insurance. The coverage of such policies, in this respect, is often, therefore, exceedingly narrow, and no doubt many holders may actually be misled into believing they have more protection than they really have. It is not, however, the function of this court to write contracts for parties. It only remains to be said that the plaintiff, under the facts and law of this case, was not entitled to a new trial, and the trial court properly overruled plaintiff's motion therefor.

Finding no errors in the record, the judgment of the lower court is affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.