160 So. 117

## EQUITABLE LIFE ASSUR. SOC. v. FOSTER.

### 6 Div. 708.

Supreme Court of Alabama.

Feb. 28, 1935.

Rehearing Denied March 28, 1935.

Howze & Brown, of Birmingham, for appellant.

Moore & Green, of Bessemer, for appellee.

KNIGHT, Justice.

Suit by Herbert Foster, suing by next friend, against the Equitable Life Assurance Society of the United States, upon a group policy of insurance, entered into by the appellant with the Sloss-Sheffield Steel & Iron Company, wherein the employees of said company were insured under the terms of said group policy against total and permanent disability by reason of bodily injury or disease.

The plaintiff was an employee of said Sloss-Sheffield Steel & Iron Company while said group policy was in force, and, in accordance with the terms and conditions of the policy, was insured thereby against total and permanent disability. To evidence the fact that the plaintiff was so insured, the appellant

duly issued to him an individual certificate, which was numbered 3556—618.

The plaintiff alleges in his complaint that on May 1, 1932, while said group policy was in full force and effect, he became "totally and permanently disabled before attaining the age of sixty by bodily injury or disease, and will thereby presumably be continuously prevented for life from engaging in any occupation or performing any work for compensation of financial value." Plaintiff avers that the defendant was given due proof of such total and permanent disability prior to the filing of this suit, all of which the defendant has had notice.

To the complaint, the defendant pleaded, in short by consent, the general issue, with leave to give in evidence any matter, which, if well pleaded, would be admissible in defense of the action, to have effect as if so pleaded.

The policy contract provides: "In the event that any employee while insured under the aforesaid policy and before attaining age sixty becomes totally and permanently disabled by bodily injury or disease and will thereby presumably be continuously prevented for life from engaging in any occupation or performing any work for compensation of financial value, upon receipt of due proof of such disability before the expiration of one year from the date of its commencement, the society will, in termination of all insurance of such employee under the policy, pay equal monthly disability installments. * * *"

It was agreed by the parties, on the trial of the cause, "that the premiums on the policy in question were paid through and to May 31st, 1932, and that the last day appellee worked for the said Sloss Company was on May 13th, 1932." And it was also agreed that the mines of the Sloss-Sheffield Company, at which appellee was working, closed down the latter part of May, 1932, and did not open until October 1, 1932.

Unquestionably, under the evidence in the case, the policy contract terminated on May 31, 1932. The insured thereafter neither made payment of premiums thereon, nor was he thereafter in the service of the Sloss-Sheffield Steel & Iron Company.

The evidence leaves no room to doubt that during the month of September, 1932, and continuously thereafter, down to the date of the trial of the cause, the said Herbert Foster became and was totally and permanently disabled, by reason of insanity, and was thereby presumably continuously prevented from engaging in any occupation or performing any work for compensation of financial value, and this condition will presumably continue for life.

It will be noted, however, that the policy contract had terminated long prior to September, 1932.

The contention of the plaintiff, however, was and is that this disability commenced in the month of May, 1932, or during the month of March of said year, and has been continuous since that time.

■■ The contract provided that "upon due proof of such disability before the expiration of one year from the date of its commencement, the society will, in termination of all insurance of such employee under the policy, pay equal monthly disability installments. * * *"

What constitutes due proof was the subject of discussion and decision in the case of Equitable Life Assurance Society of United States v. Dorriety (Ala. Sup.) 157 So. 59.[1] We there held that the purpose or object of requiring the insured to furnish proof of loss to an insurance company was that it might have knowledge of the particulars of the loss and all data necessary to determine its liability and the amount thereof.

In 19 Cyc., page 849, the rule with reference to the sufficiency of proofs is stated: "The object of the clause usually found in insurance policies, requiring the insured to furnish proofs of loss, is to give the company reasonable information as to the facts rendering it liable under the policy. Such a requirement is valid, and failure to reasonably comply with it, if not waived by the company, will defeat recovery of loss; but a substantial compliance is all that is required."

In 14 R. C. L. § 507, it is said: "The sufficiency of proofs is for the court to determine, and the question need not be submitted to the jury."

In the instant case, the insured furnished proofs of loss, in proper form, with sufficient statement of the facts, but these proofs gave the company to understand and be informed that plaintiff's disability occurred during the month of September, 1932, and at no earlier period of time. No other proofs were furnished. These proofs disclosed, affirmatively and positively, that whatever misfortune had overtaken the appellee; and whatever disability he then labored under, did not occur

---

[1] 229 Ala. 352.

until long after the policy had terminated; and at a time when the appellant was not in any wise the insurer against such disability.

On receipt of such proofs, the appellant was not called upon to take any action whatever, and could properly close its files in the case.

■ The defendant filed in this cause its plea of general issue, and this plea cast upon the plaintiff the burden of proving that he had given the defendant due proof of disability as averred in the complaint. The proofs of disability offered in evidence by the plaintiff were wholly insufficient to sustain the averments of the complaint in this particular. In fact, the proofs submitted disclosed no disability on the part of the insured occurred during the life of the policy contract.

The defendant, therefore, was due to have the jury instructed in the language of its refused charge No. 1: "I charge you, gentlemen of the jury, that if you believe the evidence in this case then you cannot return a verdict in favor of the plaintiff."

For the error in refusing to so instruct the jury, the judgment of the circuit court must be reversed.

Having reached the above conclusion, it becomes unnecessary to pass upon the remaining question presented for review, which would not arise on another trial, if there should be one.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.