163 So. 812

### NEW YORK LIFE INS. CO. v. SINQUE-FIELD.

#### 4 Div. 838.

Supreme Court of Alabama.

Oct. 17, 1935.

Rehearing Denied Nov. 7, 1935.

Mulkey & Mulkey, of Geneva, for respondent.

Rushton, Crenshaw & Rushton, of Montgomery, for petitioner.

KNIGHT, Justice.

This case reaches this court on petition for certiorari to review and revise the opinion and judgment of the Court of Appeals in the case of New York Life Insurance Company v. Minnie L. Sinquefield, 163 So. 809.

In view of the findings of fact by the Court of Appeals, both as to the furnishing of due proof of disability, and that the evidence was such as to carry the case to the jury upon the issue of total permanent disability, the writ prayed for must be denied. Postal Telegraph-Cable Co. v. Minderhout, 195 Ala. 420, 71 So. 91; Birmingham Electric Co. v. Hereford, 227 Ala. 321, 149 So. 863; Loveman, Joseph

& Loeb v. Himrod, 226 Ala. 342, 147 So. 163.

The Court of Appeals found that the proof of disability furnished by the insured was "due proof" within the meaning of the policy contract, and that the evidence upon the issue of total permanent disability was sufficient to carry the case to the jury.

However, there are some expressions to be found in the opinion of the Court of Appeals that are not in accord with the holdings of this court, and which we do not approve.

The action was brought by the plaintiff upon an insurance contract to recover disability benefits.

The policy contract provided, inter alia: "Upon receipt at the company's home office, before default in payment of premium, of due proof that the insured is totally disabled as above defined, and will be continuously so totally disabled for life, or if proof submitted is not conclusive as to the permanency of such disability but establishes that the insured is, and for a period of not less than three consecutive months immediately preceding receipt of proof has been totally disabled as above defined, the following benefits will be granted."

Under the above-quoted provision of the policy contract, there could be no recovery, and no liability, unless (a) the insured's disability was of such character as to meet the conditions, in that respect, of the policy; and (b) unless "due proof" of such disability was furnished the company at its home office before default in the payment of premiums.

The furnishing of this due proof of disability constituted a condition precedent to any obligation on the part of the insurer to pay disability benefits. The obligation to pay disability benefit, therefore, does not rest wholly upon the existence of the disability, but it is the receipt by the company of proof of disability which is definitely made a condition precedent to an assumption by the insurer of the payment of benefits. This court has firmly committed itself to this holding in construing insurance contracts similar to the one now before the court. Kimsey v. Jefferson Standard Life Ins. Co., 230 Ala. 550, 161 So. 796; McCutchen v. All States Life Ins. Co., 229 Ala. 616, 158 So. 729; McGifford v. Protective Life Ins. Co., 227 Ala. 588, 151 So. 349; New England Mutual Life Ins. Co. v. Reynolds, 217 Ala.

307, 116 So. 151, 59 A. L. R. 1075; Burchfield v. Aetna Life Ins. Co., 230 Ala. 49, 159 So. 235.

The defendant's plea of the general issue cast upon the plaintiff the burden of proving that she had given the defendant due proof of disability as averred in her complaint. Equitable Life Assur. Soc. v. Foster, 230 Ala. 209, 160 So. 117; Equitable Life Assur. Soc. v. Dorriety, 229 Ala. 352, 157 So. 59; Sovereign Camp, W. O. W. v. Barton, 230 Ala. 293, 160 So. 684.

It is thus apparent that the Court of Appeals inadvertently made the following statement: "Any failure of the plaintiff to give the insurance company due proof that she was totally and permanently disabled, if there was such failure in the proof, was not available to defendant under the plea of the general issue, but the same should have been specially pleaded."

It further appears that the defendant pleaded, in short, by consent, the general issue with leave to give in evidence any matter that might be specially pleaded.

While the plea of the general issue only was pleaded, it carried the recital that leave was granted to give in evidence any matter that might be specially pleaded. For treatment of the scope and effect of such a plea, see the case of Alabama Clay Products Co. v. Mathews, 220 Ala. 549, 126 So. 869. The plaintiff having taken issue upon the plea, the defendant was authorized to avail itself of any special defense, to the same extent as if specially pleaded. Allen et al. v. Standard Insurance Co., 198 Ala. 522, 73 So. 897; Austin & Sons v. Hunter, 193 Ala. 163, 69 So. 113; Garnett v. Parry Mfg. Co., 185 Ala. 326, 64 So. 559; Converse Bridge Co. v. Collins, 119 Ala. 534, 24 So. 561.

However, had it been necessary, which was not the case, to present by special plea the question as to whether due proof of disability had been timely given the defendant, the case stood for trial as if such plea had been formally written out and filed in the cause. Authorities supra.

It is earnestly insisted that what purported to be due proof of disability was not such proof as the policy contract required.

In view of the fact that the opinion before us for review does not disclose the data, or statement of facts contained in the proofs furnished the company, but simply states that, in the opinion of the

court, the "proof" was sufficient, we must presume that the Court of Appeals did not overlook the rule or principle declared in our recent case of Equitable Life Assur. Soc. v. Dorriety, supra, defining "due proof."

Writ denied.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.