178 So. 236

## EQUITABLE LIFE ASSUR. SOC. OF THE UNITED STATES v. DAVIS.

### 6 Div. 72.

Court of Appeals of Alabama.

Oct. 5, 1937.

Rehearing Denied Nov. 9, 1937.

See, also, 231 Ala. 261, 164 So. 86.

Howze & Brown, of Birmingham, for appellant.

16

Harsh, Harsh & Hare, of Birmingham, for appellee.

BRICKEN, Presiding Judge.

This is the second appeal in this case.

Under the policy sued on it was incumbent on the plaintiff to furnish evidence that he furnished due proof of disability within one year from the date of the commencement of the disability; that is, such a statement of fact, reasonably verified, as, if established in court, would prima facie require payment of the claim. Equitable Life Assurance Society of U. S. v. Foster, 230 Ala. 209, 160 So. 117; Equitable Life Assur. Soc. v. Dorriety, 229 Ala. 352, 157 So. 59.

The proof of claim furnished by the insured appears in this record (pages 51 and 52) and consists of a statement by the insured, and Dr. Lester, the attending physician, headed "Group Disability Claim," in the form of questions and answers. As to Dr. Lester, we find he said:

"6. Is there now or has there been any other physician associated with or preceding you in this case? If so, state name and address. Ans. Hillman Hospital, Nov. 23, 1932, Birmingham, Ala.

"9. a. Is he able to pursue any gainful occupation? If answer is Yes, give date first able to resume any duties. Ans. Unable to use left arm, otherwise good physical condition.

"b. If not, since what date has he been totally unable to engage in any and all business duties? Ans. Unable to use left arm since 11/23/32.

"10. Describe fully, diagnosis and symptoms of injury, infirmity or disease causing present disability, with brief description of Physical Findings. Ans. Gunshot wound of upper left side of chest, left shoulder and arm. Since injury he has been unable to use left arm.

"11. a. Do you believe the claimant to be so disabled that he is wholly prevented for life from pursuing any and all gainful occupations? Ans. No.

"b. Or is this total disability only temporary? Ans. No total."

The information as to the nature of his disability is found in the eighth paragraph of the claim, as follows: "On the 23 day of Nov. 1932, I became wholly disabled as a result of being shot in the left shoulder. Lost use of my left arm, and have been continuously and wholly prevented thereby from pursuing any and all gainful occupations and by reason of such disability I now make claim for the protection in the event of total and permanent disability as provided in said Group Life Insurance Policy."

The most that can be said of the notice of claim is that it was notice that the insured claimed total and permanent disability on account of the loss of his arm. The Supreme Court ruled adversely to that contention in the case of Equitable Life Assurance Society v. Davis, 231 Ala. 261, 164 So. 86, when this case was before that court on a former appeal. "Otherwise good physical condition," to use the language employed in the claim filed by the insured.

After remandment appellee was permitted to introduce evidence tending to show that the insured was totally disabled (1) by loss of his arm, and (2) syphilis and (3) by debility and impairment of his health and strength from the gunshot wound and disease. In other words, it was claimed that a combination of the three rendered the insured totally disabled within the terms of the policy.

We think the notice excludes any reference to any cause other than the loss of the arm.

The appellant was due the affirmative charge requested in writing.

Reversed and remanded.