180 So. 775

**NEW YORK LIFE INS. CO. v. MASON.**

.4 Div. 999.

Supreme Court of Alabama,

April 28, 1938.

Rushton, Crenshaw & Rushton, of Montgomery, for appellant.

Andrews & Andrews, of Union Springs, for appellee.

KNIGHT, Justice.

Suit by Marvin Mason, appellee here, to recover certain premiums paid on a policy of life insurance, and also to recover certain disability benefits, which plaintiff contended were due him under the total and permanent disability feature of his policy contract with the appellant.

As originally filed, the complaint contained five counts, but the court, on written requests of the defendant, charged out counts 1 and 2. Count 5 was in form a common count for money had and received by the defendant to use of the plaintiff. Counts 3 and 4 appear in the report of the case. There was no demurrer to any of the counts.

The defendant pleaded in short by consent the general issue, with leave to give in evidence any matters of defense which would be appropriate under special pleas, including the plea of non est factum, verification of which being waived; and with like leave to the plaintiff to give in evidence any matters which would constitute a reply to such special pleas.

It will be noted that in counts 3 and 4 the following averment appears: "And the plaintiff says that, although he has complied with all the provisions of said contract on his part, the defendant has failed to comply with the following provisions thereof"; then follows the breach assigned.

The two counts are substantially in Code form for action on a dependent covenant or agreement. Code 1923, § 9531, form 9.

The plaintiff duly offered in evidence the contract of insurance, but the defendant objected to the introduction of this contract in evidence upon the following stated grounds: "That there was a material variance between the provisions of said policy offered in evidence and the policy averred in the complaint; that there was a material variance between the policy as offered in evidence and the policy as averred in the complaint in that (in) the policy offered in evidence there was a condition precedent to the defendant's liability, towit, the furnishing of due proof that the insured was totally disabled, whereas the complaint averred a policy of insurance under which the defendant agreed to pay whenever the plaintiff became totally and permanently disabled; and upon the further ground that said policy as offered in evidence contained a condition precedent which was not contained in the policy averred in the complaint."

The court overruled the defendant's objections to the introduction of the policy in evidence, and to this action of the court the defendant duly reserved an exception. This ruling of the court is made the basis of the appellant's first assignment of error.

It is insisted by the appellant that the policy provision in the contract sued on in this case is in exactly the same language as that contained in the case of New York Life Insurance Co. v. Sinquefield, 26 Ala. App. 523, 163 So. 809, certiorari denied 231 Ala. 185, 163 So. 812, in which it was held that the furnishing of due proof of disability was a condition precedent to any obligation on the part of the insurer to pay disability benefits.

■ This court is firmly committed to the proposition that, under policies like the one now before the court, the furnishing of due proof of disability constitutes a condition precedent to recovery of disability benefits, or to a waiver of the payment of premiums thereafter falling due on such policies. New England Mut. Life Ins. Co. v. Reynolds, 217 Ala. 307, 116 So. 151, 59 A. L.R. 1075; McGifford v. Protective Life Ins. Co., 227 Ala. 588, 151 So. 349; Burchfield v. Ætna Life Ins. Co., 230 Ala. 49, 159 So. 235; Equitable Life Assur. Soc. v. Dorriety, 229 Ala. 352, 157 So. 59; Equitable Life Assur. Soc. v. Foster, 230 Ala. 209, 160 So. 117.

■ While the two counts—3 and 4— do not aver in terms that the plaintiff furnished the defendant due proof that he had become totally and permanently disabled, they do aver, following form 9 under section 9531 of the Code, that the plaintiff had "complied with all the provisions of said contract on his part." This we construe to mean that plaintiff, as required by the policy contract, had furnished defendant, at its company's home office, with due proof of his disability as defined in the policy, before default in the payment of premiums.

■ We are of the opinion, therefore, that there was no such variance between the contract sued on and the one introduced in evidence as would have justified the court in refusing to permit the plaintiff to read the contract in evidence. The appellant can take nothing by this assignment of error.

■ The objection made by the defendant to the introduction in evidence of the contract of insurance did not go to its execution.

The policy contract sued on contained the following provisions:

"Upon receipt at the Company's Home Office before default in payment of premium, of due proof that the insured is totally disabled as defined above and will be continuously so totally disabled for life, or if the proof submitted is not conclusive as to the permanency of such disability, but establishes that the Insured is, and for a period of not less than three consecutive months immediately preceding receipt of proof, has been totally disabled as above defined, the following benefits will be granted:

"(a) Waiver of Premium.—The Company will waive the payment of any premium falling due during the period of continuous total disability, the premium waived to be the annual, semi-annual or quarterly premium according to the mode of payment in effect when disability occurred.

"(b) Income Payments.—The Company will pay to the Insured the monthly income stated on the first page hereof ($10 per $1,000 of the face of this policy) for each completed month from the commencement of and during the period of continuous total disability. If disability results from insanity payment will be made to the beneficiary in lieu of the Insured."

It will be noted that the provisions for waiver of payment of premiums, and payment of disability benefits in the policy sued on, are in identically the same language as was the policy in the case of New York Life Ins. Co. v. Sinquefield, 231 Ala. 185, 163

So. 812. We held in that case that the furnishing of due proof of disability constituted a condition precedent to any obligation on the part of the insurer to pay disability benefits. We further held that this obligation to pay disability benefits does not rest wholly upon the existence of disability, but that it was the receipt by the company of proof of disability which was definitely made a condition precedent to an assumption by the insurer of the payment of benefits.

This holding is fully supported by the following cases: Kimsey v. Jefferson Standard Life Ins. Co., 230 Ala. 550, 161 So. 796; McCutchen v. All States Life Ins. Co., 229 Ala. 616, 158 So. 729; McGifford v. Protective Life Ins. Co., 227 Ala. 588, 151 So. 349; New England Mutual Life Ins. Co. v. Reynolds, 217 Ala. 307, 116 So. 151, 59 A.L.R. 1075; Burchfield v. Ætna Life Ins. Co., 230 Ala. 49, 159 So. 235.

■ It is true that the bill of exceptions does not state in terms that it contains all the evidence, and therefore, if the bill stood alone, and unaided, we would not put the court in error for refusing certain charges hereinafter referred to, and which were requested by the defendant. Lamar v. King, 168 Ala. 285, 53 So. 279; Jones et al. v. White, 189 Ala. 622, 66 So. 605; St. Louis-San Francisco Ry. Co. v. Kimbrell, 226 Ala. 114, 145 So. 433.

Rule 10, Supreme Court, provides: "Appellant's brief shall contain a concise statement of so much of the record as fully presents every error and exception relied on, referring to the pages of the transcript. If the insufficiency of the evidence to sustain the verdict or finding, in fact or law, is assigned, the statement shall contain a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely. The statement will be taken to be *accurate* and *sufficient* for decision, unless the opposite party in his brief shall make the necessary corrections or additions. * * *"

The appellant in his brief submitted at the hearing fully complied with this rule.

Rule 11, Supreme Court, provides: "The brief of appellee on assignment of errors shall point out any omissions or inaccuracies in appellant's statement of the record, and shall contain a short and clear statement of the propositions by which counsel seek to meet the alleged errors and sustain the judgment or decree, or by which such errors are obviated. * * *"

The appellee has filed here his brief in which he has stated in a rather comprehensive way all the material facts upon which the cause was tried. In this brief no material omissions or inaccuracies in appellant's statement of the record are pointed out. On the contrary, the appellee's brief supports the appellant's statement of the record, the only difference, in fact, being in the conclusion drawn by the respective parties from the facts stated, and the principles of law applicable thereto.

In appellee's brief we find the following statement, which is in complete accord with the contention of the appellant:

"The plaintiff offered in evidence the policy of insurance of the defendant company, No. 9,390,257 (R. 9 et seq), which policy provided (R 11.) :

" 'Upon receipt at the Company's Home Office, before default in payment of premiums of due proof that the insured is totally disabled as defined above and will be continuously so totally disabled for life, or if the proof submitted is not conclusive as to the permanency of such disability but establishes that the insured is and for a period of not less than three consecutive months immediately preceding receipt of proof, has been totally disabled as ·above defined' *the company would waive premiums and pay $28.19 a month."* (Italics supplied.)

"The evidence on behalf of the appellee tended to establish that from 1933 to 1936, he was totally disabled; that during October, 1933, he worked part of the time, then went to the Veterans Hospital in Tuscaloosa and came back and returned to work, doing a little bit of work during the whole time. (R. 23). The testimony of appellee and of his witnesses was to the effect that since that time he had been totally and permanently disabled as defined by this court.

"*Appellant* introduced in evidence the only proof *submitted by the appellee* of his alleged disability (R. 30). Under this proof the answer was specifically made that the illness and disability began on December 16th, 1935, and he first consulted a physician on that day. Accompanying this proof was the doctor's statement (R. 31), which stated that the appellee had been prevented from following his occupation from December 16th, 1935; further stating: 'During the summer of 1936 he attempted to perform

his duties in the store but each time he had to go back to bed.'

"In answer to the question asked this physician as to whether he would be permanently, continuously and wholly prevented from pursuing any and all gainful occupations, the physician answered: 'No, present disability will probably last for several months.'

"Appellee introduced testimony to the effect that *in December, 1935,* he came to the office of the appellant company in Montgomery, Alabama, at which time a certain conversation was had with respect to his alleged illness or disability, and at which time he wrote the company a letter (R. 29) that if his condition should continue unchanged, or if he should decide to give up all duties, then he would expect the company to consider his claim and would file proof of his total and permanent disability. Appellant also introduced in evidence on page 29 a letter signed by the *insured,* stating that since *September 5th, 1936,* he had been totally disabled.

"Appellee, in an effort to prove that appellant company had waived the policy requirement for due proof, introduced in evidence, on page 53, a letter from appellant company to Messrs. Andrews & Andrews, Attorneys at Law, stating:

" 'In respect to your statement that the Insured said he is entitled to disability benefits from the month of October, 1933, we wish to advise that at the time of filling out his formal application for disability benefits on November 3; 1936, the Insured alleged continuous total disability from December 16, 1935.

" 'In the course of our consideration of claim, we had one of the Company's representatives make a very careful investigation, and information obtained as a result thereof indicates the Insured performed some work about the store when possible, until September 5, 1936, when he became ill with appendicitis and was rushed to the Hospital. Moreover, in the form completed by Dr. McCaslan on November 3, it is indicated that the Insured performed his duties in the store during the summer.

" 'Under the circumstances the Company was not justified in considering the Insured to be continuously totally disabled as provided prior to September 5, 1936, and in approving claim made the first monthly disability income as of October 5, 1936, or for the first completed month of total disabil-

ity, within the meaning of the disability benefit provision contained in the policy.' ;

*"It was undisputed that from 1933 to 1936* the appellee had *voluntarily paid the premiums provided by the policy.* It was also *undisputed* that after October 5th, 1936, the appellant *had made the monthly disability payments provided by the policy.* There was therefore in dispute only the premiums voluntarily paid by the plaintiff from 1933 to 1936 and the disability payments from October, 1933, to October, 1936." (The foregoing is taken from appellee's brief.)

In counts 3 and 4 the plaintiff insured sues to recover the monthly benefits of $28.19 from 1933 to October, 1936, when the defendant commenced to pay the same. In count 5 the plaintiff sues to recover the yearly premiums of $111.09 *voluntarily* paid by the plaintiff to keep the policy in force for the three years from 1933 to 1936. .

The evidence, as well as the statement made in brief of counsel for appellee, shows that the statements in the paragraph last above of this opinion are true, and it is also admitted in brief of counsel for appellee that, since the filing of this proof of total disability on November 3, 1936, the defendant has duly waived all premiums falling due on the policy, and has promptly paid to plaintiff the monthly benefits accruing after October 5, 1936.

Supreme Court rules 10 and 11 were designed to serve useful and practical purposes, to enable this court to determine from the briefs of counsel whether there was error in proceedings in the court below, without making it necessary to explore the entire record. Where the facts stated in brief of appellant fully present the errors, and the appellee does not challenge such statement of the record, and point out the omissions or inaccuracies, we are fully authorized by said rules to accept as true appellant's statement of the record. But we are not required to go to this length in this case, as appellee, in brief, not only does not challenge the accuracy of appellant's statement of the record, but on the contrary, in effect, admits the statement to be true, as to the facts set forth. Certainly, in such case, we may determine the issues presented in the light of the facts as stated and admitted in briefs, notwithstanding the bill of exceptions does not state in terms that it contains all the evidence.

Assuming the facts to be true, as stated by appellee in brief, the court com-

mitted manifest error in refusing to give, at the written request of defendant, charge 6, instructing the jury that, if they believed the evidence, they could not return a verdict for plaintiff under count 5 of the complaint. As heretofore pointed out, the plaintiff in this count undertook to recover premiums *voluntarily* paid by him from 1933 to 1936.

In the case of National Bank of Boaz v. Marshall County, 229 Ala. 369, 157 So. 444, 445, it was held: "It is a well-settled general principle of the common law that in the absence of fraud, money paid to satisfy a colorable demand to a person who has a colorable legal right to receive it may not be recovered back in an action of indebitatus assumpsit, unless the money is paid under duress of person or goods, and the mere fact that it was paid under protest will not render it involuntary. Glass & Co. v. Haygood, 133 Ala. 489, 31 So. 973; Prichard v. Sweeney, 109 Ala. 651, 19 So. 730."

Nor can the plaintiff have a recovery of the monthly benefits sued for in counts 3 and 4 of the complaint, for confessedly the defendant, by its contract, did not obligate itself to pay such benefits until and after due proof of disability had been furnished the defendant. Disability alone would not entitle the plaintiff to the benefits, but it required the concurrence of both elements to entitle the plaintiff to the benefits. New York Life Ins. Co. v. Sinquefield, 231 Ala. 185, 163 So. 812; Equitable Life Assur. Soc. v. Dorriety, 229 Ala. 352, 157 So. 59; Equitable Life Assur. Soc. v. Foster, supra.

The only evidence relied on by appellee to show waiver of the requirement of furnishing of due proof of disability was a letter written by the chairman of defendant's committee on disability to the plaintiff's attorneys, Andrews & Andrews, on January 6, 1937. This letter shows no waiver whatever. The insured, according to the statement of his counsel in brief here, made no pretense of filing proof of disability with the defendant until November 3, 1936. Since that time benefits have been regularly paid to plaintiff. The defendant was entitled to the general affirmative charge as to counts 3 and 4 also.

It follows, therefore, that the court erred in not giving at the request of defendant charges 1, 4, 5, and 6 *and* charge A,—and for said errors the judgment of the circuit court must be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.