19 So.2d 557

**GRIEF BROS. COOPERAGE CORPORA-**
**TION v. JOHNSON.**

**6 Div. 95.**

Court of Appeals of Alabama.

Oct. 31, 1944.

1 Ante, p. 448.

P. A. Nash, of Oneonta, for appellant.

R. G. Kelton, of Oneonta, for appellee.

RICE, Judge.

Briefs on behalf of appellant were filed here one day before the submission of the appeal.

Other than a brief in behalf of his motion to dismiss the appeal, no brief has been filed on behalf of appellee.

While his motion appears to be on file here, no submission was had on same; and an inspection of it reveals that it was patently without merit, anyway.

■ So the appeal is before us with only a brief filed on behalf of appellant.

■ In such situation our Supreme Court has said: "Supreme Court rules 10 and 11 [Code 1940, Tit. 7 Appendix] were designed to serve useful and practical purposes, to enable this court to determine from the briefs of counsel whether there was error in proceedings in the court below, without making it necessary to explore the entire record. Where the. facts stated in brief of appellant fully present the errors, and the appellee does not challenge such statement of the record, and point out the omissions or inaccuracies, we are fully authorized by said rules to accept as true appellant's statement of the record." New York Life Ins. Co. v. Mason, 236 Ala. 44, 180 So. 775, 780.

This was a suit by appellee against appellant seeking to recover damages for the breach of an alleged contract, described in the complaint, whereby appellant was to allow appellee to "cut, log and haul" certain timber at and for a price named. Appellee alleged in his complaint that he had offered to perform his part of said contract.

At the close of the testimony the appellant requested the court to give in writing to the jury the general affirmative charge to find in its favor.

In the brief filed here on behalf of appellant we find the following, among other things, in addition to a summary of the evidence:

"Under assignment of error 9 the de-, fendant (appellant) requested the general affirmative charge with hypothesis that if they believe the evidence. This charge should have been given on several different theories which included the following: 1. The plaintiff (appellee) charged in his complaint that he had made offer to perform his part of the contract and the testimony showed beyond any dispute that he never made any offer to cut, log and haul this timber."

■ Taking the above statement as true (New York Life Ins. Co. v. Mason, supra) —and our study of the record does not cause us to doubt it—it is at once apparent that it concludes this appeal. The trial court was in error in refusing to give to the jury the general affirmative charge mentioned.

■ We find a total of twenty assignments of error on the record; but, other than the single one we have mentioned, no other assignment is argued here in a way that demands our attention. See Great Atlantic & Pacific Tea Co. v. Smalley, 26 Ala.App. 176, 156 So. 639, Certiorari denied 229 Ala. 289, 156 So. 641; and Futvoye et al. v. Chuites et al., 224 Ala. 458, 140 So. 432.

The judgment is reversed and the cause remanded.

Reversed and remanded.