**David A. LEE, Plaintiff-Appellee,**

v.

**PRUDENTIAL INSURANCE COMPANY, Defendant-Appellant.**

**No. 85–7777.**

United States Court of Appeals, Eleventh Circuit.

March 20, 1987.
Rehearing and Rehearing En Banc Denied May 8, 1987.

J. Edward Thornton, Mobile, Ala., for defendant-appellant.

William R. Christopher, William L. Utsey, Butler, Ala., for plaintiff-appellee.

Before HILL and HATCHETT, Circuit Judges, and THOMAS *, Senior District Judge.

HILL, Circuit Judge:

This is a diversity case. David A. Lee is a former employee of Scott Paper Company. Although he was terminated by Scott in October of 1979, he retained certain insurance benefits through the company. The insurance was provided by Prudential Insurance Company of America. The policy provided benefits if an employee:

> Becomes totally and permanently disabled ... to such an extent that he is rendered wholly, continuously and permanently unable to engage in any occupation or perform any work for any kind of compensation of financial value during the remainder of his lifetime....

The policy provided that Prudential must receive "due proof of such [a] disability" before the company would pay out benefits under the policy. Partial disability was not covered.

On January 23, 1980, Mr. Lee filed a "proof of loss" for disability benefits under the policy. However, the statement of disability signed by Mr. Lee's attending physician stated that Mr. Lee's disability was only "partial." Based on this, Mr. Lee's claim for total and permanent disability benefits was denied on March 27, 1980. More than a year later, Prudential was informed by Scott that Mr. Lee had been declared disabled under Social Security. Prudential wrote to Mr. Lee's attorney in September of 1981, suggesting that Mr. Lee file a new proof of loss, with an updated statement of disability, so that Prudential could reevaluate Mr. Lee's claim.

In response Mr. Lee's attorney sent Prudential two medical reports. One report was issued by Dr. Margaret Henry of Thomasville, Alabama and evaluated Mr. Lee's functional capacity. The second report was a psychiatric evaluation prepared by Dr. John S. Ewing, of Mobile, Alabama.

Prudential deemed this information insufficient as a proper "proof of loss," and notified Mr. Lee's attorney on January 26, 1982, that Mr. Lee's claims for benefits under his total disability policy would be denied. Mr. Lee's attorney then informed Prudential (via Scott Paper Co.) that Mr. Lee had been found to be *totally disabled* by a Administrative Law Judge based on the two medical reports just sent to Prudential. Evidently Prudential wanted medical records indicating a more severe disability than those which the ALJ had used in declaring Mr. Lee totally disabled, for it again urged Mr. Lee's attorney to file an additional proof of loss commensurate with a claim of total disability. Mr. Lee's attorney responded by filing suit claiming $100,000 in damages.

Throughout the trial Prudential continued to insist that they had never received an adequate proof of loss. According to the terms of the policy, proof of total disability was necessary before Prudential's liability would be triggered. In its motion for a directed verdict and again in its motion for a J.N.O.V., Prudential maintained that the proof of loss offered by Mr. Lee was inadequate as a matter of law, because he never submitted proof of a "total disability." Prudential asserted that all of the doctor's statements used as proof of loss by Mr. Lee attested to only "partial" disability. Because the policy provided benefits only in the case of "complete" disability, Prudential claimed that proof of "partial disability" was inadequate, and that the insurance company's liability never materialized.

The court submitted to the jury the question of the adequacy of Mr. Lee's proof of loss. The court did instruct the jury that the original January 1980 proof of loss was inadequate as a matter of law. However, the court allowed the jury to decide if the second proofs, *i.e.,* the above-mentioned medical reports, were adequate to trigger Prudential's duty to pay Mr. Lee's claim.

---

* Honorable Daniel H. Thomas, Senior U.S. District Judge for the Southern District of Alabama, sitting by designation.

The jury must have decided in the affirmative, for the members returned a verdict for Mr. Lee in the amount of $10,000.[1]

■ Prudential then filed for a J.N.O.V., claiming that submission of this question to the jury was reversible error. In denying Prudential's motion, the district court stated that submission of this question was "harmless error" because the district court would have found, and did find, that the proof of loss admitted by Mr. Lee was adequate.[2] Prudential then filed this appeal.

## DISCUSSION

■ Only one issue remains contested on appeal: whether the medical information provided to Prudential by Mr. Lee constituted "due proof of loss." It is clear that under Alabama law, such proof is a legitimate condition precedent to the insurer's duty to pay benefits. The purpose of requiring such proof of loss is to allow the insurer to form an intelligent estimate of its rights and liabilities, to afford it an opportunity for investigation, and to prevent fraud. No liability attaches unless proof is furnished or unless the provision is waived. *Equitable Life Assurance Society v. Dorriety*, 229 Ala. 352, 157 So. 59 (1934).

It is also undisputed that Prudential's policy did require proof of loss as a condition precedent to recovery of the policy's benefits. However, the policy did not require that any particular form be used in presenting a proof of loss, other than the stipulation that it be in writing. Nor did the policy define what would constitute an acceptable proof of loss. Thus, we must turn to Alabama law to determine the standard for evaluating the acceptability of Mr.

Lee's medical evaluations as a "written proof of loss."

Alabama case law stipulates that "due proof" for proof of loss purposes is "such a statement of facts, reasonably verified as, if established in court, would prima facie require payment of the claim...." *Dorriety*, 157 So. at 62. The insured is not "bound to comply with the condition with technical strictness, either as to time or manner of compliance." *Id.*

■ The district judge found that Mr. Lee's attempts at "proving" his loss, prior to the initiation of the suit, were "sufficient to inform the defendant that the plaintiff was permanently and totally disabled, and sufficient proof to find that the requirement of the policy had been met...." This finding was not clearly erroneous. The two written medical reports furnished by Prudential as Mr. Lee's proof of loss did contain facts sufficient to raise a prima facie case of liability. For example, Dr. Henry's report states:

[Mr. Lee] would not be able to perform his previous jobs of logging and heavy equipment operator. He should not be involved with climbing or operating machinery. With his hearing deficit, his ability even to drive a car might be adversely affected.

Dr. Henry also noted that Mr. Lee could not tell the direction of sound, and had difficulty maintaining his balance.

The reports were not irrefutable, and they did contain some information which conflicted with a finding of total disability. However, the reports were sufficient to give Prudential "reasonable information as to the facts rendering it liable under the policy." *Dorriety*, 157 So. at 63, and contained information far in excess of a mere notice-of-claim. "We do not perceive the

---

1. The verdict was later changed to $20,000 because of an error made by one of Prudential's witnesses in relating the amount of benefits available under the policy.

2. In his memorandum denying Prudential's motion for a J.N.O.V., the district judge seemed to concede that adequacy of the proof of loss was a question for the court and not the jury. The

case law on that point does not seem entirely clear. It may have been perfectly appropriate to let the jury decide that issue, so long as there was a genuine issue of material fact present. However, the submission itself became harmless error when both court and jury found that the proof of loss was adequate.

Alabama law to embrace such an arbitrary rule as to allow an insurance company to simply close its files until subjectively satisfied that a prima facie case has been presented." *Pickens v. Equitable Life Assurance Society*, 413 F.2d 1390, 1395 (5th Cir.1969). Absent a more stringent requirement in the policy itself, the information offered by Mr. Lee amply supported the judge's finding that the proof of loss was adequate. Appellant has not challenged the sufficiency of the evidence supporting the jury's determination that Mr. Lee was totally disabled.[3] Therefore, the judgment is AFFIRMED.

THOMAS, Senior District Judge, dissenting:

The policy provides benefits for employees of Scott if the employee "becomes totally and permanently disabled ... to such an extent that he is rendered wholly, continuously and permanently unable to engage in any occupation or perform any work for any kind of compensation of financial value during the remainder of his life...." The policy further provides, "Prudential, upon receipt of due proof of such disability will grant the following benefits:" The policy also provides, "Written proof of loss upon which claim may be based must be furnished to Prudential...." The above provisions are not ambiguous.

In my view no such proof of loss was ever furnished to Prudential. Under the case of *New York Life Ins. Co. v. Mason*, 236 Ala. 44, 180 So. 775 (1938), the furnishing of such proof of disability is a condition precedent to recovery. Under Alabama law, the sufficiency of such proof of loss is a question of law and not of fact for the jury. *Equitable Life Assurance Society v. Dorriety*, 229 Ala. 352, 157 So. 59 (1934).

I would reverse and enter a judgment not withstanding the verdict in favor of Prudential.

3. The appellee also attempted to raise waiver and estoppel issues. These arguments are useless in the face of Prudential's continued insistence that Mr. Lee furnish more specific medical proof of the type of disability covered by the policy. The waiver issue is simply irrelevant.